Dorsey vs. Watson.

---

### DORSEY vs. WATSON.

1. A promise to pay a bill of exchange after its dishonor, raises a legal presumption of notice to the drawer, and dispenses with the necessity of proof of notice of protest for non-payment.

## ERROR to St. Louis Circuit Court.

### STATEMENT OF THE CASE.

The plaintiff instituted suit against defendant, in the St. Louis circuit court, on a bill of exchange, drawn by a firm of which the defendant was a member on the 10th June, 1829, in favor of the plaintiff, and upon one Townsend, at St. Louis, payable in 40 days at the discount and deposite office of the U. S. Bank. It was proved by a notary that at the request of the cashier of the Bank at St. Louis, he presented the bill for payment, and that payment being refused, the bill was protested; and that notices were made out and handed to the cashier at St. Louis to be forwarded to Cincinnati, to be sent to the parties to the bill.

It was also proved by a witness who was a clerk of the plaintiff at that time living and doing business in Cincinnati, that the plaintiff, who was the payee of the bill, had the same discounted at the Branch of the United States Bank in Cincinnati, and that it was forwarded to the office at St. Louis for collection, and was returned protested for non acceptance and non-payment. The plaintiff received due notice of the dishonor of the bill, and caused it to be taken up   Witness removed to St. Louis, and brought the bill with him for collection, at the request of plaintiff.   Witness had heard that defendant had resided in the State, but was unable to find him.   In the spring of 1843, witness presented the bill to defendant in Pittsfield, Ill., where he was residing.   The defendant stated that it was a valid and genuine paper, and a just debt, but he thought he had paid it; but if he had paid it, he had a receipt, and would look for it; and if he could not find it he would pay the debt, as it was just; and requested time to look for his receipts.   In the fall of the same year, and in spring of 1844, witness enquired of defendant if he had found his receipts.   Defendant had not found them, and said that he thought he had paid it, and if he could not find his receipts, he would pay the amount, for it was a genuine paper and valid claim, and a just debt originally.   When the writ was served in this cause, defendant (Watson) offered to pay the principal of said debt,

if plaintiff would give up the claim. In this state of the case, the plaintiff asked the court to declare the law to be, that the promise to pay the bill, made by the defennant, Watson, to Swearingen, the agent of the plaintiff, after the dishonor of the bill, raises a legal presumption that said Watson had received due notice of said dishonor. 2d. That said promise to pay, made long after said dishonor, dispenses with the necessity of any proof that said Watson had received notice of the protest for non-payment.

### COALTER, WELLS & BUCKNER, for plaintiff in error.

1st. The only question presented by the record in this cause, is that growing out of the refusal of the court to give the instructions prayed for by the plaintiff and appellant. We submit that the court erred in not giving these instructions, and in not granting a new trial. A promise to pay after a dishonor, is a waiver of the laches of the holder. Ch. on Bills, 533-534.

2d. The law presumes, that the party entitled to notice would not make the promise unless all the circumstances had concurred to subject him to liability. Ch. on B. 535; 7 East. 231.

3d. If this presumption arises where an absolute promise is made to pay, it is equally strong when the promise is qualified or conditional. In this case the defendant premises to pay, if he cannot find his receipt for payment already made. He in effect waives his legal rights, by putting his defence on other grounds than want of notice of dishonor—that is, upon his having a receipt for payment heretofore made. He does not rely upon the want of notice, but by his promise to pay, or by his having heretofore paid (as he supposed) he admits his liability. The law presumes that notice was duly given, from the fact that he promised to pay. Ch. on Bills 535; 2 Camp. 188; 4 Camp. 52. Wood vs. Brown, 4 Starkie Rep.; Ch. on B. 540; 6 Miss. 487.

4th. The promise made by the defendant (though qualified in its terms) in effect was absolute and positive. The promise was to pay, if he could not find a receipt. He had eighteen months to look for his receipt, and the fair inference is that he could not find it, and never had one. Mense vs. Osburn, 5 Mo. Rep. 546; Fletcher vs. Froggart, 2 C. & P. 569; Ch. on Bills, 540.

5th. The question whether the action is barred by time, does not arise. There is nothing upon the record, showing that the defendant relied upon the statute of limitations for his defence. No instructions were asked to that effect, nor any instruction given that he relied upon the statute of limitations. The court will not plead the statute for a party. He must do so himself if he desires to take advantage of it. Even under the statutory plea the defendant should be requested to apprise the court and opposite party of his intention to rely upon it.

### GAMBLE & BATES, for defendant in error.

For defendant it is insisted:

1st. That he was entitled to notice of the protest of the bill, and was not notified. The only testimony on that subject is that of Mr. McGunnegle, (the notary who protested the bill,) and that does not prove notice.

2d. There is no proof of waiver of notice. The only testimony is that of Swearingen, and that does not amount to any proof of waiver. He presented the bill to Watson in 1843, who said that the transaction out of which the bill grew was a fair one. That he had paid the debt, and thought he had a receipt for it, and that if he could not find a receipt he would pay it. This neither admits notice nor waiver the receipt of it.

The plaintiff in error relies upon a case in 5 Mo. R. 546; Morse vs. Osborn. But this does not decide the question what is and what is not a waiver of notice. The court below had instructed the jury that a promise by defendant to pay as soon as he could collect

money was a promise, and not a conditional promise; and this court refused to reverse for that cause—assuming no doubt that the unconditional promise to pay was binding without any reference to the question of notice, as in that case there was a good consideration to support the promise.

The question, whether a notice is waived, is not a question of law, but a question of fact for the jury. 7 Pet. R. 287; Union R. R. of Georgetown vs. Magruder. Here the court acted as a jury, and as such found that there was no waiver.

3d. The suit was barred by statute of limitations. This is undeniable from the date of the bill, 1829, unless the right of action be restored by matter subsequently.

4th. There is nothing in the case to take it out of the statute. The law governing the case as to limitations, is the R. C. 1825. That law fixed the limitations of ten years for actions on instruments of writing for the direct payment of money. And five years for actions on the case, &c., the last, probably, embracing this case, as this is an action against a drawer who is only *contingently* liable in any event.

Our last R. C. (1845) limitations 813, provides that an acknowledgment or promise must be "in writing and signed," or it cannot have the effect of proving a new or continuing a contract, so as to deprive the defendant of the protection of the statute.

This court, in Davis vs. Henning, 6 Mo. R. 21, does not consider the bare acknowledgment of a debt, a contingent promise to pay, enough to deprive a defendant of the protection of the statute. The acknowledgment of the debt must be coupled with the original consideration, or there must be an *express* promise to pay. The promise must be such as to constitute a new cause of action.

And herein this court agrees with the supreme court of the U. S. in the case of Moore vs. Bank of Columbia, 6 Pet. R. 90. That court decides that the acknowledgment of an old debt is not enough—there must be an express promise to pay, or circumstances from which the promise may be inferred. There must be an acknowledgment of a *present* subsisting debt, and a *present* willingness to pay. 1 Pet. R. 351; Bell vs. Morrison.

In Kentucky, the decisions of the court were still stronger in favor of the law. In Hord's adm'r vs. Seedil, 4 M. Rep. 36, it is held that a promise to take a case out of the statute, must be sufficient of itself to support an action, and *on it* the action must be brought; and this agrees with the above case in 6 Pet., for in that case it appears (from the opinion of the court) that the suit was brought on the new cause of action.

5th. It is insisted that the statute of limitations is as much the law as any other statute is, and that when in plain and unambiguous terms, it forbids the bringing of an action, after a certain time, the court has no power to sustain such action, if brought. And if the circuit court had done so in this case, it would have been guilty of a mere assumption of power, against law.

6. And lastly, if the party really owe a debt which is barred by the statute, and promise to pay it, the action must be brought on the new contract. Such contract is a good cause of action; see cases above cited. 6 Mo. R. 21; 6 Pet. R. 90; 4 Mer. R. 36. But if he sue on the contract, and, when the statute is pleaded to that, he reply a new contract, this is manifest departure in pleading, and not allowable; for it will never do to let a man sue upon one contract, and when he is met and fully answered on that, allow him to recover on another.

It may be urged here as it was below, that the statute of limitations 1825, does not run, because the plaintiff was beyond seas. I answer that Cincinnati is not beyond seas according to that statute. In Shrive vs. Whittlesey, 7 Mo. R. 473, this court was divided in opinion. The dissenting J. seemed to me obviously in the right; and I hear, verbally, that in a case recently decided at Jefferson, and not yet published, the court has overruled Shrive vs. Whittlesey.

RYLAND, J., delivered the opinion of the court.

From the above statement, it will be seen that the refusal of the court

to give the instructions asked for by the plaintiff, is the only ground, upon which the interference of this court is sought.

The statement is full and contains the two instructions prayed for.

From an examination of the facts of this case, and after searching into the authorities, I am satisfied that the instructions ought to have been given. The case of Mundie vs. Robertson, 7 East. Rep. 231, and the authorities cited in the note to it are very satisfactory to me, that the promise made in this case, by the drawer, raises the legal presumption that the notice of the dishonor of the bill had been received by him; and that said promise to pay made long after said dishonor, dispenses with the necessity of any proof that said drawer had received notice of the protest for non-payment.

There cannot be a doubt that this promise to pay dispenses with the proof of notice of protest for non-acceptance and non-payment, where the facts of non-acceptance and non-payment have come to the knowledge of the drawer, before making the promise. In this case after such a lapse of time, when the bill of exchange is put into the hands of the drawer, and he says it is a genuine paper and a just debt, and that he will pay it if he have not already paid it; and if he has paid he has the receipt, and asks time to look over his papers for the receipt. Again after the lapse of 18 months, he has not found the receipt, still says it is just, and he will pay; and when he is sued and the writ served on him, offers to pay what the face of the bill calls for; I should think this statement of the facts should dispense with all necessity of proof of regular notice of protest for non-acceptance and non-payment. In this very case the drawer may have had no funds in the hands of the drawee; and consequently made no other calculation than that he would be protested and have the debt to pay himself.

He never says a word about want of regular notice; never utters a word of his surprise about being called on to pay this old dishonored bill of exchange. He must be presumed to have had knowledge from all the facts of this case, of the dishonor of his bill; and I am for holding him to his promise. The court below had no authority to apply, uncalled for, the statute of limitations for the defendant; and I cannot presume the court did.

Upon the whole case, I am satisfied the circuit court erred. Its judgment must therefore be reversed, and this cause remanded, which is accordingly done.