## EDWARD P. MORGAN *et al.*
### *v.*
## ERASTUS PEET.

1. NEW PROMISE, *by assignor of a note after he is discharged by laches of the holder.* Where the liability of an indorser of a note has been discharged by the failure of the holder to bring suit against the maker in due time, and the holder relies upon a new promise to pay, made by the indorser after such discharge, such new promise, to be binding, must have been made with knowledge of the facts from which the discharge arose.

2. If the indorser had knowledge of such facts, whether he knew that, by the rules of law, they would operate to discharge him, is immaterial.

WRIT OF ERROR to the Circuit Court of Peoria county; the Hon. M. WILLIAMSON, Judge, presiding.

This was an action of assumpsit brought in the court below by Edward P. Morgan and Ralph R. Root, against Erastus Peet, as the indorser of a promissory note, executed by Burdick and Peet to Erastus Peet, and indorsed by the latter to one Earl, and by Earl to the plaintiffs.

A trial resulted in a verdict for the defendant. The plaintiffs bring the cause to this court upon writ of error. The grounds upon which the alleged error arises are set forth in the opinion of the court.

Mr. J. K. COOPER, for the plaintiffs in error.

Messrs. JOHNSON & HOPKINS, for the defendant in error.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

This was an action against the indorser of a note whose liability had been discharged by the failure of the holder to bring suit in due time against the makers. The plaintiff relied on a promise to pay, made after such discharge. The court instructed the jury that such promise would not be binding, unless made with knowledge of the facts from which the discharge arose. This was in conformity with the opinion of this

court when this case was formerly before it, as reported in 31st
Ill. 289. But, after a careful examination of the evidence, we
can entertain no doubt that a new promise was made, with full
knowledge that the holder of the note had allowed a term of
court to elapse without bringing suit against the maker.
Whether the indorser knew, that, by the rules of law, such
*laches* of the holder discharged him, is immaterial. It is suffi-
cient, if he knew the facts, and the conviction that he did know
them is irresistible, under the evidence spread upon this record.
He was the father of one of the makers of the note, who was
unmarried and lived with him. The payment of the note was
made the subject of much negotiation. The holder's agent had
come from Ohio to collect it, and waited some days in Peoria
to that end. The defendant seems to have been familiar with
the business of his son, for whom he had become indorser, and
insisted that Burdick, his son's partner, had means in his hands
with which the note should be paid. These circumstances
raise a very strong presumption, that he knew his son had not
been sued. But all doubt is removed by other and positive
evidence. Earl, who was trying to collect the note, as agent
for the holders, swears positively that the defendant knew the
note had not been sued. He might well have known that fact
and been able to swear to it, from statements made to him by
the defendant. It is said, however, that this witness is contra-
dicted in material points by other witnesses. But if we lay his
testimony out of the case, and examine that of William N. Peet,
the son of defendant and one of the makers of the note, we find
the proof on this point equally clear. He says in his deposi-
tion: "Earl wanted father to borrow money to pay him.
Father said he had no right to borrow money to pay him—
that it was not his place to pay it, as Earl had not tried to get
the money from Burdick & Peet." This clearly shows that the
defendant knew Burdick & Peet had not been sued, and, taken
in connection with the other testimony, leaves no doubt on
that point. The new promise is proven, not only by Earl, but
by Moss, at a subsequent time and unequivocally. We can
only explain this verdict by remembering the well known reluct-

ance of juries to find against parties who sign contracts merely as sureties. But the law itself extends to them sufficient favor, and juries cannot be permitted to extend this favor still·further by finding verdicts warranted neither by the evidence nor the instructions. This judgment must be reversed and the cause remanded.

*Judgment reversed.*