## GEORGE M. MITCHELL

*v.*

## LEMUEL SHOOK.

1. ABUSE OF PROCESS—*non-resident creditor attaching property of his debtor who is also a non-resident.* A creditor who only takes such steps for the collection of a *bona fide* debt as itself permits, however zealous and vigorous in so doing, can not be guilty of an abuse of process or of obtaining the jurisdiction of the court for a fraudulent and improper purpose.

2. A resident of the State of Indiana commenced an attachment suit before a justice of the peace in this State, against another resident of Indiana, who was temporarily in this State, with property which, by the law of Indiana, was exempt from attachment. The attachment writ was levied on that property. It appeared that both plaintiff and defendant lived in the same county in Indiana, and that the defendant could have been easily found in the county and State where both parties resided. It further appeared that the debt sued for was a just debt, and past due: *Held,* that there was nothing in these facts to justify a finding that the plaintiff was guilty of any abuse of process, or that he had sought the jurisdiction of the courts of this State for a fraudulent purpose.

APPEAL from the Circuit Court of White county; the Hon. TAZEWELL B. TANNER, Judge, presiding

Messrs. McDOWELL & McCLINTOCK, and Messrs. POLLOCK & KELLER, for the appellant.

Messrs. McCARTNEY & GRAHAM, for the appellee.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

This was a proceeding by attachment, commenced before a justice of the peace of White county, and thence taken by

appeal to the circuit court of that county, where the case was tried, by agreement of parties, by the court without the intervention of a jury, and judgment was rendered in favor of the defendant. The case is brought to this court by appeal.

The object of the suit is to recover the amount due on a promissory note given by the defendant to the plaintiff, and there is no claim made that the debt was unjust, not due, or that it had been paid. It is admitted to be both just and unpaid.

The judgment of the court below was rendered in favor of the defendant upon the ground that the evidence showed that the process of the court was abused, and its jurisdiction sought for a fraudulent purpose; and the errors assigned only question the correctness of this ruling.

The evidence upon which the judgment was predicated was that of the defendant alone, no other witness being examined, and there being no evidence introduced save the promissory note, and the evidence of the defendant.

His evidence in full, as set out in the abstract, is as follows:

" I am the head of a family, and reside in Posey county, Indiana. Plaintiff resides in Posey county, Indiana, also. F. H. Kelley resides in same county and State. I am a colporteur and Sunday school missionary in the church to which I belong. My stay in White county has been but temporary. I have been in the habit of visiting my family every little while, and staying a few days. I could easily have been found in Posey county, Indiana. I have been following my occupation, in Illinois, since September last. The property attached in this suit would be exempt from attachment and sale under execution, under the laws of the State of Indiana."

*Cross-examined.*—"The note upon which this suit is brought is a just note. The sulkey and harness attached were what the note was given for in Indiana."

We are unable to perceive, in this, sufficient evidence of the abuse of process, or that the jurisdiction of the courts of this State was sought for a fraudulent purpose.

The case is very different from that of *Wanzer et al.* v. *Bright,* 52 Ill. 36. In that case, by the false and fraudulent pretenses of the plaintiff, the defendant was brought into the State for the express purpose of being arrested, while here the defendant voluntarily comes into the State, engages in business for several months, and only returns, occasionally, to Indiana, for the purpose of visiting his family. It may be that he might have been served with process in Indiana, and that his property not exempt from execution here, would be exempt there; but it has never been held, so far as we are advised, that the jurisdiction of a court depends upon whether the party might have been served with process within another jurisdiction, where the laws relating to the enforcement of the judgment are different, or that a party is compelled to seek an enforcement of his contract at the place where his debtor resides.

The defendant, by bringing his property here, voluntarily placed it within the jurisdiction of our courts. While it shall remain here, for any invasion or disturbance of his rights in reference to it, he is entitled to their protection; and if others seek to enforce a claim to it, he must submit to the same jurisdiction. Had he desired that his possession and enjoyment should remain, as determined by the laws of Indiana, he should have kept the property within the jurisdiction of her courts, by which alone those laws can be enforced.

Where the creditor and debtor reside in the same State, but the property of the debtor, liable to execution, is all within another State, there would be obvious convenience, and surely no great impropriety, in the creditor prosecuting suit for the collection of his debt in the State where the property of the debtor may be, from which the payment of any judgment to be recovered must necessarily be made.

It is not pretended that non-residents are, either by express enactment or the policy of the law, as declared by this court, excluded from our courts; and the proposition that the creditor can not be guilty of an abuse of process, or of obtaining the jurisdiction of the court for a fraudulent or an improper purpose, who only takes those steps for the collection of a *bona*

*fide* debt, which the law itself permits, however zealous and vigorous he may be in so doing, needs no demonstration.

The judgment is reversed and the cause remanded.

*Judgment reversed.*