# JAMES GIVENS

*v.*

# THE MERCHANTS' NATIONAL BANK OF ST. LOUIS, Mo.

1. ATTACHMENT—*where both parties are non-residents.* It can not be pleaded in abatement to an attachment suit in this State, that both the plaintiff and defendant, when the cause of action accrued and the suit was brought, were non-residents of this State and residents of the State of Missouri.

2. INDORSEMENT—*whether joint or several.* Where the payee of a note indorses the same in blank, after which is indorsed in blank the names of two other persons, one name just below the other, it will not be presumed that they were joint indorsers to the holder, but it will be presumed they were successive indorsers, and the second indorser may be sued alone, without noticing the last indorser.

3. ASSIGNMENT—*assignor may waive presentment and notice.* Although a note may be executed and indorsed in Missouri, where presentment to the maker and notice to the indorser are necessary to hold the latter, yet such presentment and notice may be waived, and a promise to pay, with a knowledge of the facts, is sufficient to show a waiver. A knowledge of the facts may be inferred from the circumstances surrounding the case.

WRIT OF ERROR to the Circuit Court of Jefferson county; the Hon. TAZEWELL B. TANNER, Judge, presiding.

Messrs. POPE & McGINNIS, and Messrs. CREWS & HAYNES, for the plaintiff in error.

Messrs. POLLOCK & KELLER, and Messrs. NOBLE & ORRICK, for the defendant in error.

Mr. CHIEF JUSTICE SCHOLFIELD delivered the opinion of the Court:

Defendant in error recovered a judgment against plaintiff in error in the court below, as indorser of a promissory note by one Charles L. Rice to the St. Louis Marble Company.

The note was executed and indorsed in St. Louis, Missouri, where plaintiff in error resides. The suit was commenced by attachment, and the first objection urged is, the court below erred in sustaining a demurrer to the plea in abatement of

plaintiff in error.    The plea alleged that both plaintiff in error
and defendant in error were, when the cause of action accrued
and when the suit was brought, non-residents of the State of
Illinois and residents of the State of Missouri.    The objection
is not well taken.    It is expressly overruled in *Mitchell* v.
*Shook*, 72 Ill. 492.    See, also, *Mason* v. *Burton*, 54 id. 353;
*Schuttler* v. *Piatt*, 12 id. 418.

Another objection urged is, that there is a variance between
the allegations and proofs in this:    The note offered in evidence
is indorsed thus—

> " St. Louis Marble Co.,
>        By James Givens, Pres't.
> James Givens,
> I. V. W. Dutcher."

Dutcher is not noticed in the declaration.    It is insisted he
is jointly liable as indorser with plaintiff in error.

This, in our opinion, is a misapprehension.    The only evi-
dence from which such an inference is pretended to be drawn,
is the simple indorsement of the names on the note, in blank,
in the order we have given, and this, very clearly, instead of
raising the presumption of a joint undertaking, authorizes the
presumption that the undertaking was not joint, but that of
successive indorsers; and, in that view, the suit was well
brought against plaintiff in error alone, without noticing the
subsequent indorser.    2 Parsons on Bills and Notes, 19.

The principal contest, however, is, whether the case is made
out in respect of presentment and notice, the note having been
executed and indorsed in Missouri, and it being stipulated
that, by the law of that State, proof of presentment and notice
is required to fix the liability of the indorser.

We understand the law in that State to be, as it is recog-
nized in many of the other States and is laid down in text
books, that the consequences of a neglect to give notice of non-
payment of a bill or note may be *waived* by the person entitled
to take advantage of them, and that such *waiver* may be pre-
sumed from a promise, made after maturity, to pay the note,
with full knowledge of the facts, or under circumstances

from which it is to be inferred the party ought to have had full knowledge of the facts. Chitty on Bills (8th Am. ed.), 533–34; 1 Parsons on Notes and Bills, 595; Story on Prom. Notes, § 276; *Dorsey* v. *Watson*, 14 Mo. 62; *Mesne* v. *Osborne*, 5 id. 546.

It is proved that plaintiff in error, on several occasions, after the maturity of the note, promised to pay it; but he says he was not aware, at the time he made these promises, that he had any legal defense to the note. This may be true, and have resulted simply from his ignorance of the law, or it may have been true because he was ignorant of the facts. If it was because of his ignorance of the law, it can not avail him, and he must be charged with full knowledge. Chitty on Bills (8th Am. ed.), 535 a; Story on Promissory Notes, § 362; Parsons on Notes and Bills, 607–8; *Tebbetts* v. *Dowd*, 23 Wend. 378.

It is said in Parsons on Notes and Bills, p. 602: "It has been sometimes said, that a waiver can not be inferred. But if by this is meant that direct knowledge must be proved, we think it incorrect. Indeed, there does not appear to be any good reason why knowledge may not be proved in the same manner and by the same evidence in this matter as in any other. A jury will be justified in inferring knowledge from a variety of circumstances, such as the situation and connection of the parties, the words and acts of the indorser, the time which has elapsed between the maturity of note or bill and the promise, and the like." See, also, Story on Promissory Notes, § 359. This seems to have been recognized by the court in *Mesne* v. *Osborne, supra.*

Here, in addition to the deliberate and unqualified promises of plaintiff in error to pay the note, made after its maturity, there was this additional evidence:

The note matured November 1, 1873, and on the 22d of December, 1873, the following letter was written by plaintiff in error and sent to the president of defendant in error:

"ST. LOUIS, *Dec.* 22, 1873.

"LEWIS B. PARSONS, ESQ., Pres't.

"*Dear Sir:*—In case you prosecute Charles L. Rice on his note for $10,000, we agree to reimburse you all attorney's fees and other expenses attending such prosecution; this agreement not to interfere or prevent your bank from bringing suit against us, or either of us, should you desire to do so.

"Very respectfully,

"ST. LOUIS MARBLE CO.,
        By James Givens, Vice Pres't.
JAMES GIVENS,
I. V. W. DUTCHER."

Pursuant to this request, suit was instituted by defendant in error against the maker of the note, on the 24th of December, 1873, in the Superior Court of Cook county, Illinois, in which county the maker resided, and judgment therein was rendered in favor of the plaintiff for the amount due on the note, on the first Monday of March, 1874. And, thereupon, on the 10th of April, 1874, plaintiff in error executed and caused to be delivered to the president of the bank, the following agreement, in writing:

"Should it be necessary to institute proceedings to put C. L. Rice into bankruptcy, I hereby agree and bind myself to pay any and all expenses, of any kind, incurred by reason of such proceedings.

"ST. LOUIS MARBLE CO.,
        By James Givens, Vice Pres't.
*April* 10, 1874.            JAMES GIVENS."

In conformity with this, defendant in error instituted, on the 20th of April, 1874, in the United States Court for the Northern District of Illinois, proper proceedings to put the maker of the note into bankruptcy, which resulted, in due time, in a decree to that effect. Execution was issued on the judgment, and returned "no property found," and nothing was realized from the proceedings in bankruptcy. Other evidence clearly shows the insolvency of the maker of the note at the time of its maturity.

We think the evidence is abundantly sufficient to show that plaintiff in error had full notice of all the facts affecting his rights when he made the promise of payment. He knew the note was due and was unpaid. He knew what notice had been given himself of its presentment and non-payment, and he, evidently, also knew that the solvency of the maker was, at least, very doubtful.

We think the judgment is substantially right, and that it should be affirmed.

*Judgment affirmed.*