## Grace Henderson et al., Appellants, v. Charles Leigh, Appellee.

Opinion filed May 29, 1933.

J. E. CARR, for appellants.

No appearance for appellee.

MR. PRESIDING JUSTICE BARRY delivered the opinion of the court.

On April 10, 1930, appellants' agent delivered to appellee their deed for certain real estate in Marion, Illinois, and received from him his check for the purchase price, $434.90, drawn on the Marion Trust & Savings Bank and payable to appellant David Henderson. The deal was closed at Marion where the agent and appellee resided. Appellants are husband and wife and were then living at Cicero, Illinois. The agent received the check by noon and mailed it to Mr. Henderson on April 10 and it came to his hands about 5 p. m. on April 12. The bank closed and ceased to do business on that day. After it was closed appellee went to the agent and on inquiry was advised that he had sent the check to Mr. Henderson and that it was not presented for payment before the bank closed. Appellants recovered a judgment before a justice of the peace and appellee appealed to the circuit court. The parties waived a jury and the court rendered judgment in favor of Mr. Henderson for $186.

Appellee filed no brief and argument in this court. There is no evidence that Mr. Henderson agreed to accept the check as an absolute payment of the purchase price of the property conveyed. There is no evidence that the agent had authority to make or that he made such an agreement. The check was received simply as a means of payment; *In re Estate of Cunningham*, 311 Ill. 311. It was presented for payment in due course but was returned unpaid. Under the evidence the court was not warranted in holding that the check was not presented for payment within a reasonable time, but even if Mr. Henderson were negligent in that regard, the great weight of the evidence is that appellee subsequently promised to pay the full amount

of the check. Appellee filed a claim against the bank and received $186 in dividends. When he promised to pay the full amount of the check he had full knowledge of the facts and his promise to pay was sufficient to show a waiver of presentment and notice; *Givens v. Merchants Nat. Bank*, 85 Ill. 442; *Simonoff v. Granite City Nat. Bank*, 279 Ill. 248. In such a case it is not material whether he knew that under the law he was discharged from liability; *Morgan v. Peet*, 41 Ill. 347. The judgment is reversed, and the cause remanded with directions to render a judgment in favor of David Henderson and against appellee for $434.90 with interest at the rate of five per cent per annum from April 10, 1930.

*Reversed and remanded with directions.*