## THE WABASH RAILROAD COMPANY

*v.*

## M. E. DOUGAN.

*Filed at Mt. Vernon June 18, 1892.*

**1.** GARNISHMENT—*garnishee can not plead defense of usury for principal debtor.* A garnishee in a suit by attachment can not set up usury in the indebtedness for which judgment is rendered against the principal defendants, or otherwise impeach the consideration of such judgment. Such matters are available only in favor of the principal debtor.

**2.** SAME—*where debtor and creditor are residents of another State— motives immaterial.* A railway company doing business in this and another State may be garnisheed in this State by a resident of such other State for a debt owing by such company to another resident of that State, and the motives of the garnisheeing creditor seeking the collection of a just debt by means of remedies in this State, are wholly immaterial.

**3.** SAME—*when answer is taken as true.* . Where the answer of a garnishee is not traversed it must be taken as true, and on appeal by the garnishee the only question will be whether the plaintiff will be entitled to a judgment on the facts disclosed by the answer.

**4.** EXEMPTION LAWS—*not confined to resident debtors—laws of other States not enforced here.* A party garnisheed for wages due to an employe who is a non-resident, can not set up in defense the exemption laws of the domicil of such employe, but may set up the exemption law of this State. The benefit of our exemption laws is not confined to resident debtors of this State.

APPEAL from the Appellate Court for the Fourth District;— heard in that court on appeal from the City Court of East St. Louis; the Hon. B. H. CANBY, Judge, presiding.

This was a suit by attachment, commenced by M. E. Dougan against J. O. Brown and George P. Seymour, in East St. Louis, before a justice of the peace, the plaintiff's claim being for the sum of $21 due on a promissory note executed to him by the defendants. The ground upon which the attachment writ was issued was, that the defendants were non-resi-

dents of the State, but were residents of St. Louis in the State of Missouri, and said writ was returned *non est inventus* as to the defendants, but served on the Wabash Railroad Company as garnishee. Service having been had on the defendants by publication, judgment was rendered against them by default for $21, the amount of the plaintiff's claim, and costs, taxed at $10.50. The garnishee appeared before said justice of the peace and answered as follows:

"1.  That at the time of the service of the garnishment herein, to-wit, on the 28th day of November, 1890, it did not have 'in its possession or under its control any property, money or effects of the defendants J. O. Brown or George P. Seymour or either of them.

"2.  That at the time of the service of the garnishment herein, to-wit, on the 28th day of November, 1890, it did not owe the said defendant J. O. Brown anything, the said Brown not being then in its service.

"3.  That at the time of the service of the garnishment herein, to-wit, on the 28th day of November, 1890, it did not owe the said defendant George P. Seymour any money, nor does it owe him any now, except the sum of $84 on account of wages due him from it to said George P. Seymour, as its employe, as clerk in its auditor's office, in the city of St. Louis, in the State of Missouri, for the month of November, 1890.

"4.  That it is a consolidated corporation, duly organized under the laws of the States of Illinois and Missouri, having lines of railway in both States, and business offices in both States.

"5.  That the services of said Seymour, as aforesaid, for said month of November, 1890, were rendered to it in the State of Missouri, in pursuance of a contract made in the State of Missouri between it and said Seymour, in which it was agreed and by which it was provided that said Seymour was to be paid monthly for his services in said city of St. Louis

in said State of Missouri, and that said sum of $84 for his said services in said city and State as aforesaid is payable in said city of St. Louis and State of Missouri and not elsewhere.

"6. That said Seymour has never contracted with it to render it any services in the State of Illinois, and that during said month of November, 1890, said Seymour worked for it on its line of railway in said State of Missouri and not elsewhere.

"7. That said $84, as hereinbefore stated, so due to said Seymour, as above set forth, is for the last thirty days service, as aforesaid, and said sum is, by the laws of the State of Missouri, wholly exempt from execution, attachment or garnishment proceedings.

"8. That under the laws of the State of Missouri, it is not chargeable as garnishee on account of wages due from it to said George P. Seymour for said month of November, 1890.

"9. That said George P. Seymour, defendant herein, is the head of a family, residing in the State of Missouri, and that said sum of $84 so due to him from this garnishee, is not subject to attachment, execution or garnishment, under the laws of the State of Missouri.

"10. That the plaintiff herein, M. E. Dougan, is a resident of the State of Missouri, where he is engaged in the business of lending sums of money at usurious and unconscionable rates of interest, far exceeding ten per cent per annum, the maximum rate of interest for which parties may lawfully contract to receive in the State of Missouri, to laboring men, and also to men who are heads of families, residing with them, in said State of Missouri; that the debt here sued upon was contracted between the plaintiff and the defendant J. O. Brown in the State of Missouri, at a usurious and unconscionable rate of interest, and represents a loan of money by plaintiff, at the said rate, to said Brown, for the payment of which sum the defendant Seymour became security; that as said surety, said Seymour never received a dollar of said money so loaned by

said plaintiff to said Brown as aforesaid; that said Brown left the service of this garnishee with nothing due him for services rendered it, of which fact said plaintiff was duly advised, by garnishment, long prior to the institution of these proceedings; and with said knowledge, and with knowledge also of the fact that said defendant Seymour was not in reality indebted to him, well knowing also that said Seymour was the head of a family residing with them, in the State of Missouri, and that the last thirty days' wages of said Seymour were exempt from attachment, execution or garnishment in the State of Missouri, and well knowing that this garnishee was not subject to garnishment in said State of Missouri, as hereinbefore set forth, fraudulently, wickedly and with the express and avowed purpose of evading the exemptions of the State of Missouri, depriving said Seymour of his exemptions as aforesaid so guaranteed to him as aforesaid, by the laws of Missouri, and for the express, fraudulent and wicked purpose of subjecting this garnishee to expensive and unnecessary litigation, in defending itself against garnishment proceedings prohibited in express terms by the statutes of the State of Missouri, where all the parties to this action reside, conspired with one Alexander Flannigen, a citizen of Illinois, to institute this vexatious and unlawful suit."

No issue was taken on said answer, and no attempt was made to contradict it by evidence. The justice of the peace, upon said answer, rendered judgment against the garnishee for $31.50, the amount of the judgment and costs recovered by the plaintiff against the principal debtors. The cause was thereupon removed by the garnishee by appeal to the City Court of East St. Louis, where a trial was had upon the answer of the garnishee, no other evidence being heard, said trial resulting in a judgment against the garnishee for $34, the costs of suit to be paid out of that sum. From that judgment the garnishee appealed to the Appellate Court of the Fourth District, where said judgment was affirmed. The

present appeal is from said judgment of affirmance, the judges of the Appellate Court having certified that the case, though involving less than $1000, involves questions of law of such importance, both on account of principal and collateral interests, that it should be passed upon by this court.

Mr. GEORGE B. BURNETT, and Mr. GEORGE S. GROVER, for the appellant:

The right of exemption of a citizen of Missouri, under its laws, is a vested right, which is superior to any interest that a citizen of such State can acquire within or without that State, and such right is valid as against all citizens of the State of Missouri, in whatever forum such rights may be asserted.    Brown on Jurisdiction, 440; *Drake* v. *Railroad Co.* 69 Mich. 167.

The better doctrine seems to be, that where both parties are citizens of the same State, and the suit is in a foreign jurisdiction, the exemption laws of the State where the parties reside will be enforced.    *Railroad Co.* v. *Thompson,* 31 Kan. 180; *Moore* v. *Railroad Co.* 43 Iowa, 385; *Leiber* v. *Railroad Co.* 49 id. 688; *Morgan* v. *Neville,* 74 Pa. St. 52; *Railroad Co.* v. *Crane,* 102 Ill. 249; *Railroad Co.* v. *Barron,* 83 id. 365.

The courts of Illinois will not lend their process or aid in the perpetration of a fraud upon the laws of a sister State, in violation of the rights of other citizens of said State.    *Stark* v. *Barr,* 39 Kan. 100; *Wilson* v. *Joseph,* 107 Ind. 490; *Dehon* v. *Foster,* 4 Allen, 545; *Todd* v. *Railway Co.* 33 Mo. App. 110; *Massie* v. *Watts,* 6 Cranch, 148; *Keyser* v. *Rice,* 47 Md. 203; *Fielder* v. *Jessup,* 24 Mo. App. 91; *Keating* v. *Refrigerator Co.* 32 id. 293; *Engel* v. *Schureman,* 40 Ga. 206; *Snook* v. *Snetzer,* 25 Ohio St. 516; *Cunningham* v. *Butler,* 142 Mass. 47; *Railroad Co.* v. *Dooley,* 78 Ala. 524; *Railroad Co.* v. *Seifert,* 41 Mo. App. 35.

Mr. A. Flannigen, and Mr. M. Millard, for the appellee:

A foreign corporation doing business in this State is liable to garnishment.    *Railroad Co.* v. *Crane*, 102 Ill. 249.

A non-resident creditor may attach the property of a non-resident debtor.    *Givens* v. *Bank*, 85 Ill. 442.

There is nothing improper in allowing a party to come to this State to collect a debt.    *Mitchell* v. *Shook*, 72 Ill. 492.

Mr. Chief Justice Bailey delivered the opinion of the Court:

The answer of the garnishee not being traversed, must be taken as true, and the question presented by the appeal is, whether, upon the facts disclosed by said answer, the judgment against the garnishee can be sustained.

So far as said answer seeks to set up usury in the indebtedness for which the judgment against the principal defendants was rendered, or otherwise to impeach the consideration of that judgment, its averments must be disregarded, as those matters are available only in favor of the principal debtors, and as they failed to make defense or introduce any evidence, the judgment against them is conclusive as to the validity and amount of the claim for which said judgment was rendered.

The real contention is, that the trial court erred in refusing to allow Seymour the benefit of the exemption laws of the State of Missouri, which, if held to apply, would have placed the entire amount of the indebtedness of the garnishee to him beyond the reach of the writ of garnishment.    The answer shows that the plaintiff and defendants in attachment were residents of the State of Missouri; that the indebtedness garnisheed was for wages earned by Seymour in Missouri during the thirty days next preceding the service of the writ and payable in that State, said Seymour then being the head of a family residing in said State; that by the laws of Missouri, said wages were exempt from attachment or garnishment, and

that the plaintiff had come to this State and resorted to attachment and garnishment here, in fraud of the exemption laws of Missouri, and for the express purpose of evading said laws, and of defeating the rights of Seymour thereunder. The garnishee is a consolidated railroad company, organized under the laws of the States of Illinois and Missouri, and having lines of railway and business offices in each of said States.

The questions thus presented seem to us to be settled in this State by former decisions of this court. In *H. & St. J. R. R. Co.* v. *Crane*, 102 Ill. 249, the question presented was, as to the liability of a corporation of another State, doing business and having property in this State, to garnishment in the courts of this State, for a debt owing by it to a resident of the State of its domicil. There a railway company organized in the State of Missouri and having its principal place of business and all its railway tracks in that State, was, before and at the time of the service of the writ of garnishment, regularly running its trains across the river by a bridge into the city of Quincy in this State, and keeping an agent in that city. The indebtedness garnisheed was owing to one of the employes of the railway company residing in Missouri. It was held that such foreign corporation could be charged as garnishee in the courts of this State, and that the indebtedness sought to be reached by garnishment, though due to a resident of Missouri and payable there, was not local, but might be recovered here through the instrumentality of that process.

In *Mitchell* v. *Shook*, 72 Ill. 492, a resident of the State of Indiana commenced an attachment suit, before a justice of the peace of this State, against a resident of Indiana who was temporarily in this State, having with him property which, by the laws of Indiana, was exempt from attachment. Both plaintiff and defendant lived in the same county in Indiana, and the defendant could easily have been found in the county where both he and the plaintiff resided. It appearing that the debt sued for was a just one and past due, it was held that

there was nothing in the facts warranting a finding that the plaintiff was guilty of an abuse of process, or that he had sought the jurisdiction of a court of this State for a fraudulent purpose. In the opinion we said: "It is not pretended that non-residents are, either by express enactment or the policy of the law, as declared by this court, excluded from our courts; and the proposition that the creditor can not be guilty of an abuse of process, or of obtaining the jurisdiction of the court for a fraudulent or improper purpose, who only takes those steps for the collection of a *bona fide* debt, which the law itself permits, however zealous and vigorous he may be in so doing, needs no demonstration."

What seems to us to be substantially if not precisely the same question now before us was decided in *Mineral Point R. R. Co.* v. *Barron*, 83 Ill. 365. That was a garnishee proceeding commenced by E. G. Barron against the Mineral Point Railroad Company, to recover wages due from said company to James Barron. The company answered admitting its indebtedness to James Barron in the sum of $40, but setting up in defense, that said James Barron was a resident of the State of Wisconsin, and the head of a family, residing with the same, and that, by the laws of that State, such wages were exempt from garnishment. We held that the question thus raised pertained to the remedy, and that while the validity of a contract is to be determined by the law of the place where it is made, the law of the remedy is no part of the contract, and that in respect to all questions as to form or methods, or conduct of process or remedy, the law of the place of the forum is applied; that the statute of Wisconsin which exempted said wages from garnishment was a law affecting merely the remedy when an action is brought in the courts of that State, but that it can not be invoked where the remedy is sought to be enforced in the courts of this State; that the remedy must be governed by the laws of the State where the action is instituted. It was held, however, that the exemption of a certain

amount of wages due the head of a family residing with the same, provided for by the laws of this State, applied, and that only the residue, after deducting the amount of such exemption, was subject to garnishment.

The judgment in the present case was rendered in conformity with the rule thus laid down. The answer admitted an indebtedness of $84. From that sum the court deducted $50, the exemption given by our statute, and rendered judgment against the garnishee only for the residue, viz, $34.

But it is urged that the present case is distinguishable from *Mineral Point R. R. Co.* v. *Crane, supra,* in this, that in that case no claim was made that the plaintiff brought suit in the courts of this State in fraud of the exemption laws of the State of his domicil, while it is alleged in the answer in this case that the plaintiff fraudulently, and with the express and avowed purpose of evading the exemption laws of Missouri, and of depriving Seymour of said exemptions, came to this State and sought to avail himself of the process of our courts. It seems to us to be a sufficient answer to the distinction thus sought to be drawn, that, admitting the legal right of the plaintiff to come to this State and avail himself of such remedies as our laws afford, the motive by which he was actuated in so doing is immaterial. A party pursuing his legal rights in a legal manner, can not be called in question in respect to the motives which prompt him to action.

We are referred to some authorities in other States and particularly to the case of *Drake* v. *L. S. & M. S. Ry. Co.* 69 Mich. 168, in which a rule different from the one heretofore laid down in this State and to which we feel ourselves constrained to adhere is adopted. In the case last mentioned it was held, that the rule of comity existing between the States, will not permit a creditor domiciled in another State, or his assignee, to avail himself of the process of a domestic tribunal for the purpose of evading the exemption laws of his own State. We have examined and considered with some care the grounds

upon which that and other similar cases to which we have been referred are based, and are not disposed to say that the course of reasoning there presented is destitute of force. But we do not feel called upon to re-examine our former decisions for the purpose of determining whether the rule there laid down should be set aside or modified, especially in view of the fact that the Legislature, since the rendition of the judgment of the trial court in this case, has interposed, and by express legislation has established the rule by which all future cases involving the question here under consideration must be governed. The act to which we refer went into force July 1, 1891, and makes it a misdemeanor, punishable with fine, for any person, with intent to deprive a resident creditor of his rights under the exemption laws of this State, to send any claim or debt out of this State, to be collected by process of attachment or garnishment, when the person or corporation sought to be charged as garnishee is within reach of the process of our own courts. The third section of said act provides that, whenever in any proceedings in any court of this State to subject the wages due to any person to garnishment, it shall appear that such person is a non-resident of this State, and that the wages earned by him were earned and payable outside of this State, the said person whose wages are so sought to be subjected to garnishment, shall be allowed the same exemption as is at the time allowed to him by the law of the State in which he so resides. Laws 1891, p. 141. This statute can not apply to the present case or furnish any rule for its decision. But as it establishes the rule which must govern all future cases, we see no occasion for re-examining in this case the basis upon which our former decisions rest, but are disposed to adhere to the principles established in those decisions.

It follows that the judgment of the Appellate Court must be affirmed.

*Judgment affirmed.*