[Civ. No. 50508. Second Dist., Div. Four. Aug. 31, 1977.]

In re the Marriage of GERALDINE F. and JAMES Y. DeLOTEL.
JAMES Y. DeLOTEL, Appellant, v.
GERALDINE F. DeLOTEL, Respondent.

COUNSEL

Milton Zerin for Appellant.

Francis Gherini for Respondent.

OPINION

**KINGSLEY, Acting P. J.**—On January 11, 1972, an interlocutory decree of dissolution was entered, pursuant to a stipulation of the parties, wherein respondent wife was granted, inter alia, support for the minor children of the parties and support for herself. In February 1974 the husband moved to Oregon, where he has maintained his residence ever

since. On December 9, 1975, the wife secured a writ of execution in the sum of $12,875 for unpaid support. That writ was served on the proper agency of the Navy Department, from which the husband is receiving a pension. On January 23, 1976, the Navy honored the request in the amount of $603.08, being the then accrued and unpaid installments of the pension.[1] On March 12, 1976, the husband filed a motion entitled "Motion to Exempt Pension" which the trial court treated as a motion to quash the execution.[2] The motion was denied and the husband appeals from that order.[3] We affirm.

The parties assume that, prior to January 1, 1976, such pensions were exempt from execution by the terms of section 690.18 of the Code of Civil Procedure, as that section then stood. That assumption is partially in error. Before and after the 1975 amendment of that section, it applied, in terms, only to "a resident of the state." ■ Exemptions from execution are purely statutory (5 Witkin, Cal. Procedure (2d ed. 1971) Enforcement of Judgment, § 25, p. 3406). Thus, while the husband had an exemption prior to his 1974 move to Oregon, he had none under any California statute thereafter. By chapter 509 of the statutes of 1975, section 690.18 was amended, effective January 1, 1976, to remove child and spousal support from the exemption even for residents of this state.

At all times herein pertinent, Oregon Revised Statutes, section 23.170, has provided as follows:

"All pensions granted to any persons in recognition by reason of a period of employment by or service for the Government of the United States, or any state, or political subdivision of any state, or any municipality, person, partnership, association or corporation, shall be exempt from execution and all other process, mesne or final. Such exemption shall be effective without necessity of claim thereof by the pensioner."

---

[1] Pursuant to a stipulation, the monies received under the levy are held in the possession of the marshal, pending the decision in this case.

[2] The parties do not here question the propriety of treating the motion in that manner. The appeal, thus, is from an appealable order (*Lovret* v. *Seyfarth* (1972) 22 Cal.App.3d 841, 853 [101 Cal.Rptr. 143]; *Fay Securities Co.* v. *Bowering* (1929) 106 Cal.App. Supp. 771, 773 [288 P. 41]).

[3] On November 9, 1976, the husband filed a notice of appeal from an order made and entered on October 22, 1976, denying his motion. Since that order, by its terms, called for the preparation of a formal order, it was not appealable. (Cal. Rules of Court, rule 2(b).) A formal order was filed on November 26, 1976, and on December 22, 1976, the husband filed a notice of appeal from that order. We treat the present appeal as being from the formal order of November 26, 1976.

As presented to us by the trial court's reasoning and by the briefs on appeal, the principal issue is whether the husband, a resident of Oregon at the time of the levy, is entitled to the exemption granted by the Oregon law—the law of the state of his residence—or by the California law—the law of the jurisdiction whose judgment is involved and in whose court enforcement of that judgment is questioned. ■ We conclude that the trial court properly determined that California law applies.

The husband argues that the exemption laws of Oregon should be given effect, as a matter of comity, in the California forum. Exemption laws pertain merely to the remedy and have no extraterritorial effect and exemption laws of the forum apply. (*Wabash R. Co.* v. *Dougan* (1892) 142 Ill. 248 [31 N.E. 594]; *Clark* v. *Eltinge* (1905) 38 Wash. 376 [80 P. 556].) Although, where the exemption laws of both states are practically the same, the exemption law of the foreign state will be granted comity, the foreign law will not be granted comity where to do so would be contrary to the statutory law or the policy of the state of the forum. (*Strawn Mercantile Co.* v. *First Nat. Bank* (Tex.Civ.App. 1925) 279 S.W. 473.) It has been said that no rule of comity requires recognition of a foreign exemption law. (*Baumgardner* v. *Southern Pac. Co.* (Tex.Civ. App. 1943) 177 S.W.2d 317.) Therefore, the California forum was correct in applying its own exemption laws, and not the Oregon exemption law.

■ **(See fn. 4.)** The order is affirmed.[4]

Dunn, J., and Jefferson (Bernard), J., concurred.

---

[4] The order is correct for an additional reason. Section 690.50 of the Code of Civil Procedure requires a party claiming an exemption to file, with the levying officer, within 10 days after the date of the levy, an affidavit claiming the exemption. Clearly, the husband's "motion," not filed with the marshal and not filed until long after the 10-day period, was insufficient to bring him before the court. However, since it is clear that further levies will be made to collect the large balance still owing, we do not place our affirmance on that technical omission.