In re Kevin James MONTAVON, and Deborah Lynn Montavon, individually and d/b/a Montavon Pharmacy, Inc., Debtors.

Bankruptcy No. 5–84–310.

United States Bankruptcy Court,
D. Minnesota,
Fifth Division.

May 17, 1985.

the Trustee's objection.

Shawn M. Dunlevy, pro se.

Lionel H. Peabody, Duluth, Mn., for defendant/respondent.

## ORDER SUSTAINING TRUSTEE'S OBJECTION TO DEBTORS' CLAIM OF EXEMPTION

GREGORY F. KISHEL, Bankruptcy Judge.

The above-captioned matter came on before the undersigned United States Bankruptcy Judge on April 24, 1985, upon the Trustee's objection to Debtors' claim of exemption. Trustee Shawn M. Dunlevy appeared *pro se*. Debtors appeared by their attorney, Lionel H. Peabody. Upon Debtors' Affidavit, the arguments of counsel, and all of the other files and records herein, the Court concludes that the Trustee's objection must be sustained.

### FINDINGS OF FACT

1. That Debtors filed a Voluntary Petition under Chapter 7 of the Bankruptcy Code in this Court on November 14, 1984.

2. That Debtors' Schedule B–2 on their Bankruptcy Petition included an entry for Individual Retirement Accounts ("IRAs") for both individual Debtors, with scheduled values of $4,755.00 for Debtor Kevin James Montavon and of $2,455.00 for Debtor Deborah Lynn Montavon. A notation indicates that these values were current as of February 1, 1984.

3. That, on their Schedule B–4, Debtors claimed the full outstanding balances in both IRAs as fully exempt under 11 U.S.C. § 522(d)(10).

4. That, by means of an amendment filed on January 16, 1985, Debtors amended their Schedule B–4 to claim the IRAs as exempt under both 11 U.S.C. § 522(d)(10) and § 522(d)(5).

5. That, other than their IRAs, Debtors claim the following property as exempt under § 522(d)(5):

| | |
|---|---|
| Sporting equipment | $150.00 |
| Camera, weapons | 70.00 |
| Cash and bank accounts | 4,292.83 |
| Total | $5,512.83 |

6. That Debtors' Trustee in bankruptcy filed an objection to Debtors' claim of exemption in the IRAs on January 16, 1985. Debtors timely requested a hearing on the Trustee's objection.

7. That Debtors have since stated by Affidavit that they hold their IRAs under contract with the American United Life Insurance Company, and that the actual current values of the IRAs are as follows:

| | |
|---|---|
| Kevin James Montavon | $4,320.00 |
| Deborah Lynn Montavon | $2,795.00 |

The values stated are the present cash values of the IRAs, consisting of accumulated deposits and interest thereon, as they stand on deposit with American United Life Insurance Company. If Debtors were to withdraw funds from their IRAs, the amounts withdrawn would be subject to a withdrawal penalty payable to the Internal Revenue Service and would be taxable as ordinary income to Debtors in the year of withdrawal.

8. That Debtors presently have three children, all of whom are below the age of five years. Debtors allege total monthly living expenses for themselves and their dependents of $1,491.00.

9. That, since the date of filing of their Petition in this Court, Debtors have relocated to Garland, Texas, where Debtor Kevin James Montavon has taken employment as

a pharmacist. Debtors' present family income consists of the wages from this employment and totals approximately $2,020.00 net per month, calculated at the rate of 4.3 weeks per month.

10. That Debtors claimed no homestead as exempt in their bankruptcy proceedings and do not own a home at present. They have expressed their intent to use the balances in their IRAs as a down payment on the purchase of a home or, possibly, for a down payment on the purchase of a new automobile for use by Debtor Kevin James Montavon for his lengthy commute to and from his employment. Debtors may have to replace their present automobile in the near future due to its age and condition.

## DISCUSSION

On their Schedule B–4, Debtors elected the federal "bankruptcy exemptions" pursuant to 11 U.S.C. § 522(b)(1).[1] Debtors claimed the full balances in their IRAs as exempt under 11 U.S.C. § 522(d)(10) and § 522(d)(5). Section 522(d)(10)(E) establishes an exemption for a debtor's entitlement to

> ... a payment under a stock bonus, pension, profit-sharing, annuity, or similar plan or contract on account of illness, disability, death, age, or length of service, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor...

Debtors have claimed a portion of their IRA balances as exempt under § 522(d)(5). Under the language of that statute, as amended by the Bankruptcy Amendments and Federal Judgeship Act of 1984,[2] a debtor is allowed to exempt property of any kind subject to a two-fold limitation. First, the statute allows an exemption in the specific amount of $400.00. Second, the statute allows a "pourover" exemption in an amount equal to the available amount of the homestead exemption under § 522(d)(1) which the debtor does not actually use in

the case, subject to a ceiling of $3,750.00. The entitlement to exemptions is individual, and husband-wife debtors in a joint case may cumulate their exemptions to apply to jointly-owned property. 11 U.S.C. § 522(b). Debtors have claimed personalty and liquid assets valued at $4,512.83 as exempt under § 522(d)(5), leaving a remaining exemption of $3,787.17 to apply to their IRA balances. They claim the remainder of their IRA balances as exempt under § 522(d)(10)(E).

The Trustee has objected to Debtors' claim of exemption on the ground that any portion of Debtors' IRA balances not exemptible under the § 522(d)(5) is not exempt under § 522(d)(10)(E), on two major grounds. First, he argues that pre-retirement funds in IRAs are not equal or equivalent to the right to receive payments under pension, profit-sharing, annuity, or other retirement plans or contracts. Second, he argues that the funds in the IRAs are not "reasonably necessary for the support of the debtor and any dependent of the debtor". He maintains that several factors in Debtors' present financial condition compel the Court to adopt his second conclusion. He notes that Debtors are not presently drawing on the IRAs to meet their family living expenses. He notes that both Debtors are young persons and have the earnings opportunities of full lives and careers ahead of them. Lastly, he notes that, as of the date of filing of Debtors' Petition, Debtors held substantial liquid assets which were sufficient to meet their immediate needs; he argues that, as a result, Debtors did not need the funds in the IRAs to meet their short-term needs.

In response, Debtors first argue that the IRAs are an "annuity ... on account of ... age ..." under § 522(d)(10)(E). Second, Debtors argue that now or in the near future, their IRAs are "reasonably necessary" for their support and the support of their children. They argue that application of the IRA balances to a down payment on

---

1. Minnesota is one of the minority of states which have not elected to "opt out" of the use of the exemptions under § 522(d) in bankruptcy cases.

2. This language is applicable to all bankruptcy cases filed on or after October 8, 1984.

a homestead would probably reduce their housing expenses in the short and long term, and, in any event, use of the IRA balances to purchase a new car may soon become necessary due to the advanced age and deteriorated condition of their present vehicle. They point out that the total amount of their monthly living expenses is not unreasonable for a family of five and, under their calculation, the total portion of the IRA balances which they seek to claim as exempt under § 522(d)(10)(E) is equivalent to no more than two months' worth of their living expenses. They argue that, were Debtor Kevin James Montavon to unexpectedly die or become disabled, Debtors and their dependents would certainly need the IRA balances for their immediate care and support.

The Bankruptcy Courts have examined the exemptibility of a variety of different pension and profit-sharing plans, funds, annuities, and other similar assets under § 522(d)(10)(E). In particular, in a number of reported and unreported decisions the Bankruptcy Judges of this District have dealt with this issue. *In Re Werner*, 31 B.R. 418 (Bankr.D.Minn.1983); *In Re Miller*, 33 B.R. 549 (Bankr.D.Minn.1983); *In Re Bari*, 43 B.R. 253 (Bankr.D.Minn.1984); *In Re Sederstrom*, 52 B.R. 448 (Bankr.D. Minn.1985); *In Re Rosen*, 52 B.R. 96 (Bank.D. Minn.1985).

The threshold question joined by the Trustee is whether Debtors' IRAs can fairly be characterized to be property of the type subject to the exemption under § 522(d)(10)(E). Some Courts have held that, by their very nature, individually-controlled plans or accounts which allow the long-term deferral of taxes on deposited income are not entitlements of the sort to which Congress intended the exemption under § 522(d)(10)(E) to apply. These Courts have focused on the account-holder's great control over the corpus of the account and the account-holder's ability to withdraw and divert the funds in the account to non-retirement purposes, subject only to the IRS penalty. *See, e.g., In Re Clark*, 711 F.2d 21 (3rd Cir.1983) (majority opinion); *In Re Pauquette*, 38 B.R. 170, 173–74 (Bankr.D.Vt.1984). *Cf., In Re Talbert*, 15 B.R. 536 (Bankr.W.D.La.1981) (similar reasoning and same conclusion reached applying Louisiana state exemption law); *In Re Howerton*, 21 B.R. 621 (Bankr.N.D.Tex. 1982) (ditto, applying Texas state exemption law). In a recent case, this Court and, apparently, the parties assumed without discussion that a substantial balance in a Keogh Plan held by an elderly Debtor was an asset of a nature to be exemptible under MINN.STAT. § 550.37, subd. 24.[3] *In Re Rosen.* Were this issue pivotal, the Court would be inclined to hold that a balance in a Keogh Plan or IRA is an exemptible asset within the ambit of § 522(d)(10)(E), at least where the debtor's right to payment has already matured by the attainment of the statutory retirement age. *In Re Clark* at 23–24 (Becker, C.J., concurring). *See also In Re Sederstrom*, at 451.[4] However, since the Court is sustaining the Trustee's objection in the instant case on other grounds, it need not squarely address this issue.

Even assuming that a given form of retirement benefit or plan is properly classified as an asset exemptible under § 522(d)(10), a debtor is still required to prove that the amount being claimed exempt is reasonably necessary for the debtor's and his dependents' support. The oth-

---

**3.** The language of 11 U.S.C. § 522(d)(10)(E) and MINN.STAT. § 550.37, subd. 24, is virtually identical, and the Minnesota statute was apparently enacted to create a state law counterpart to the federal exemption. As a result, both statutes should be construed consistently to achieve uniform application. *In Re Bari* at 255.

**4.** This construction would avoid the inflexible distinction drawn by some Courts between an exemptible present right to receive regular pay-

ments and a non-exemptible entitlement in the aggregate or lump-sum value of an IRA or Keogh Plan. *See, e.g., In Re Clark*, 18 B.R. 824, 829 (Bankr.E.D.Tenn.1982). This Court believes that the requisite *"right to receive ... a payment"* is probably present in either case and the proper focus of the Court's attention should be on the reasonable necessity of the funds for support.

er Judges of this and most other Bankruptcy Courts treating the issue have adopted the standards set forth in *In Re Taff*, 10 B.R. 101 (Bankr.D.Conn.1981). Under the *Taff* test, any Court reviewing a debtor's claim of exemption in an entitlement to retirement benefits must consider the debtor's other income and exempt property. Further, "the appropriate amount to be set aside for the debtor ought to be sufficient to sustain basic needs, not related to his former status in society or the lifestyle to which he is accustomed but taking into account *the special needs that a retired and elderly debtor may claim*". *In Re Taff* at 107 (emphasis added). In applying the *Taff* test, the Court must consider the debtor's age, present employment, future employment prospects, and general health. *In Re Werner.*

The Courts considering this issue have drawn a general distinction between younger debtors with future earning potential and elderly debtors with little or no prospect of substantial future income. Where an elderly debtor of poor health, no employment prospects, and uncertain future financial status is involved, even a relatively large lump-sum distribution from a pension plan may be found reasonably necessary for support. *In Re Donaghy*, 11 B.R. 677 (Bankr.S.D.N.Y.1981). Where, however, a relatively young debtor with good health, substantial earning capacity, and current ability to meet his and his dependents' regular living expenses is involved, the exemption generally will be denied. *In Re Kochell*, 732 F.2d 564, 565 (7th Cir.1984); *In Re Werner* at 422–23. The Courts so holding have focused on the debtor's ability to generate income sufficient to re-fund a pension account for future retirement use, after turnover of the current balance to the trustee. *In Re Kochell*, 26 B.R. 86, 87–88

(Bankr.W.D.Wis.1982); *In Re Kochell*, 732 F.2d at 564–65; *In Re Miller.*

In the instant case, the Court concludes that the balances in Debtors' IRAs not exemptible under § 522(d)(5) are not reasonably necessary for Debtors' and their dependent children's support. Unfortunately, Debtors' reliance in argument upon their near-future needs for the funds in their IRAs is misplaced. Application of the "reasonably necessary" test to allow funds initially diverted and denominated for retirement purposes to be used for pre-retirement living expenses would violate the recognized justification for IRAs under the Internal Revenue Code and also would subvert the basic nature of the exemption; it would have the net effect of making an IRA a "bankruptcy shelter" for otherwise non-exempt property. Where relatively young debtors are not having difficulty meeting their basic needs with current income, they simply cannot characterize IRA funds as reasonably necessary for their current support. This conclusion is especially compelling in the instant case, where Debtors have an excess of monthly income over expenses of over $500.00. Debtors should be able to save current income to meet their housing and transportation needs, or to reconstitute their IRAs, within a relatively short time. Debtors' expressed concern over the possibility of Debtor Kevin James Montavon's death or disability is no more than pure speculation; it certainly is not of sufficient substance to defeat the Trustee's objection. *See, e.g., In Re Kochell*, 31 B.R. 139, 140 (W.D.Wis.1983).

Therefore, the Court concludes that it must sustain the Trustee's objection to Debtors' claim of exemption to that portion of the outstanding balances in their IRAs in excess of the sums exempted under § 522(d)(5).[5] Debtors argue that, if the

---

**5.** After all of the foregoing discussion, the Court does wish to state that it is not without some sympathy for Debtors. Review of their Petition and Schedules reveals that Debtors' attempt at conduct of a retail drug store and pharmacy failed in less than two years. Debtors' Statement of Financial Affairs contains no explanation and the Court can do no more than speculate as to the causes of the failure; however, it is entirely unlikely that the loss was due at least in part to the current economic downturn on Minnesota's Iron Range due to the post-1981 retrenchment in the American steel industry. It is entirely possible that Debtors lost a substantial personal investment when their business failed. However, Debtors are currently in a

Court finds any portion of their IRAs not exempt under § 522(d)(10)(E), it is then incumbent on the Court to determine the value of the non-exempt portion. They argue that the withdrawal penalty and the current income tax liability which would be imposed upon them were they to withdraw the balances in the accounts should be deducted from the outstanding balances to arrive at the current true value of their interest in the IRAs. These proceedings for determination of the Trustee's objection required the Court to weigh the non-quantitative factors established under § 522(d)(10)(E); they did not require the Court to place values on the assets in question. The Court has determined that the Trustee has the *right* to collect the non-exempt funds; it has not determined and need not determine the *amount* of the non-exempt funds. The IRAs may have borne interest during the pendency of the case, which must be allocated between Debtors and the estate. It is by no means clear what tax consequences the estate's claim to the IRAs may produce, or to whom those consequences may occur. In any event, the joinder of this issue must first take place during the Trustee's administration of these assets. The dispute over the identity of the party who is to bear the still-hypothetical burden of penalty and tax liability should be presented to the Court only if the parties are unable to settle it, and only in the context of a procedure which will present a full record and thorough development of legal authority. Attention to this issue at this juncture is simply premature.

WHEREFORE, IT IS HEREBY ORDERED that the Trustee's objection to Debtors' claim of exemption in that portion of the balance in Debtors' two Individual Retirement Accounts through American United Life Insurance Company in excess of the total sum of $3,787.17 is sustained.

position to stabilize their personal finances and the loss of the balances in their IRAs will not

materially hamper their efforts.