In re Timothy E. LOE and Gloria
J. Loe, Debtors.

Bankruptcy No. 3–86–15.

United States Bankruptcy Court,
D. Minnesota,
Third Division.

June 17, 1986.

Charles Adamson, Mankato, Minn., for debtors.

Mark Halverson, Mankato, Minn., Trustee.

Robert Winzenberg, Mankato, Minn., for trustee.

### ORDER SUSTAINING TRUSTEE'S OBJECTION TO DEBTORS' CLAIMED EXEMPTION

DENNIS D. O'BRIEN, Bankruptcy Judge.

This matter was heard April 24, 1986, on the trustee's objection to the Debtor Timothy E. Loe's claimed exemption of a vested interest in a profit sharing plan maintained through his employment. Charles Adamson appeared on behalf of Debtors, and Robert Winzenburg appeared on behalf of Trustee Mark Halverson. The dispute was submitted without testimony or oral arguments, on responses to Interrogatories, relevant documents and briefs. The Court now being fully advised in the matter, makes this Order pursuant to the Federal and Local Rules of Bankruptcy Procedure.

### I.

Debtors, husband and wife, filed their joint petition under 11 U.S.C. Chapter 7 on January 2, 1986. Both are 36 years of age and employed, Mr. Loe alone earning between $28,000.00 and $29,000.00 per year as a purchasing agent. Mrs. Loe has recently begun part-time employment. They have two children, ages 10 and 13. Both Debtors plan to continue their present employment and their income currently exceeds family living expenses. Neither has any known infirmity and each is in general good health.

On March 20, 1986, Debtors filed an amended Schedule B–4 claiming exempt Mr. Loe's interest, through his employ-

ment, in a profit sharing plan in which he has a vested interest solely from employer contributions of more than $70,000.00. The exemption is sought under election of M.S.A. § 550.37, Subd. 24.

Mr. Loe has worked for his present employer for 17 years. He is entitled to realize full value of his interest in the plan upon his retirement, disability or termination of employment. Additionally, he is entitled to borrow up to 50 percent of his interest during employment, subject to repayment in not more than five years.

The plan contains the following non-alienation provision:

**15.2  SPENDTHRIFT PROVISIONS**

Except as otherwise provided by law, benefits payable hereunder and any interest of a Participant or Beneficiary in the trust shall not be subject to assignment, transfer or anticipation or otherwise alienable either by voluntary or involuntary act or by operation of law, nor subject to attachment, execution, garnishment, levy, sequestration or other seizure under any legal or equitable process. The prohibition of this Section shall apply to the creation, assignment or recognition of a right to any benefit payable with respect to a Participant pursuant to a domestic relations order, unless such order is determined to be a qualified domestic relations order, as defined in Section 414(p) of the Code, or any domestic relations order entered before January 1, 1985.

Debtors presently rely on the plan as their complete retirement and life insurance program, having no other life insurance or retirement plan.

The trustee timely filed objection to the claimed exemption on the grounds that payments under the plan are presently unnecessary, and will likely be unnecessary in the future, to support the Debtors or their dependents. Debtors respond that: (1) Mr.

Loe's interest in the plan did not become part of the bankruptcy estate; and (2) even if it did, the interest is properly exempt under the rationale of *In re Miller*, 33 B.R. 549 (Bankr.Minn.1983).

**II.**

■ Debtors' assertion that Mr. Loe's interest in the plan did not become part of the bankruptcy estate is premised upon the facts that he has no present, immediate right to any payments or proceeds; and, that the plan is subject to the non-alienation provisions quoted above. However, it is clear from existing law in this District that Mr. Loe's vested interest in the plan became property of the bankruptcy estate. *See In re Werner*, 31 B.R. 418 (Bankr. Minn.1983) and *In re Graham*, 726 F.2d 1268 (8th Cir.1984), as determinative of the issue.[1]

■ Debtors argue that, if Mr. Loe's vested interest in the plan be properly estate property, the exemption through M.S.A. § 550.37, Subd. 24, should be allowed under the rationale of *In re Miller, supra*. MINN.STAT. § 550.37, Subd. 24, provides:

**Employee benefits.** The debtor's right to receive present or future payments, or payments received by the debtor, under a stock bonus, pension, profit sharing, annuity, individual retirement account, individual retirement annuity, simplified employee pension, or similar plan or contract on account of illness, disability, death, age, or length of service, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor.

In the *Miller* case, the Court determined that it could look to future as well as current needs in deciding entitlements to an exemption of this type.[2] Considering

---

**1.** The cases cited by Debtors, *In re Nunnally*, 506 F.2d 1024 (5th Cir.1975) and *In re Parker*, 473 F.Supp. 746 (1979), were decided under the Bankruptcy Act, which contained provisions substantially different from those now found in

11 U.S.C. § 541 of the Code, which defines property of a bankruptcy estate.

**2.** Debtors do not assert that Mr. Loe's interest in the plan is presently needed for support of himself or his dependents.

future needs, the Court concluded that the 54–year old single debtor in that case would reasonably need existing pension plan benefits for his support upon future retirement. Upon termination of his employment, from which that debtor earned $27,800.00 annually, he was entitled under a plan to either monthly payments of $353.00 or a lump-sum payment of $38,000.00.

The relevant facts of this case are substantially different from those in *In re Miller*. However, they are not significantly different from the relevant facts in *In re Montavon*, 52 B.R. 99 (Bankr.Minn.1985) where the Court disallowed the exemption of an IRA account. In that case, the debtors raised the same arguments in support of the exemption that the Debtors make here. The *Montavon* decision is supported by a thoughtful, well-reasoned opinion which provides a complete discussion of all relevant factors and arguments. It is not inconsistent with *In re Miller* and this Court adopts the *Montavon* opinion as controlling the issue here.

Debtors have no present need of the plan benefits for support of themselves or their dependents, and future need is speculative at best. There is no apparent reason why post-petition accruals vesting under the plan, along with supplemental programs funded out of future income, cannot adequately provide for potential disability, life insurance and retirement needs of these young debtors.

ACCORDINGLY, IT IS HEREBY ORDERED:

1. The trustee's objection to Debtor Timothy Loe's claimed exemption of his vested interest in that profit sharing plan maintained through his employment with MICO, Inc., at the time of the filing of the petition herein is sustained.

2. The exemption claimed by Debtor Timothy E. Loe of his vested interest in said plan as of the date of filing the petition in bankruptcy, January 2, 1986, is hereby disallowed; said interest being property of the estate free of any exemption.