**In re Isadore ROSEN, Debtor.**

**Bankruptcy No. 3–84–226.**

United States Bankruptcy Court,
D. Minnesota,
Third Division.

May 16, 1985.

Leah R. Bussell, St. Paul, Minn., for plaintiff/petitioner.

Michael J. Iannacone, trustee in bankruptcy, St. Paul, Minn., pro se.

## ORDER OVERRULING TRUSTEE'S OBJECTION TO DEBTOR'S CLAIM OF EXEMPTION

GREGORY F. KISHEL, Bankruptcy Judge.

The above-captioned matter came on before the undersigned United States Bankruptcy Judge on March 29, 1985, upon the Trustee's objection to Debtor's claim of exemption. Debtor appeared personally and by his attorney, Leah R. Bussell. Trustee Michael J. Iannacone appeared *pro se*. Counsel stipulated that the matter could be submitted on the basis of a written record consisting of the Debtor's Petition and Schedules and the facts set forth in Debtor's Memorandum of Law, which are to be taken as true for the purposes of determination of Debtor's claim of exemption. Upon the arguments of counsel and all of the other files and records herein, the Court makes the following Order.

## FINDINGS OF FACT

Debtor filed his Petition for Relief under Chapter 7 of the Bankruptcy Code in this

Court on February 8, 1984. As of that date Debtor held a personal Keogh plan with a balance of $25,000.00, the subject of the Trustee's objection. As of the date of filing, Debtor was employed as a metal buyer for Phoenix Metal Technology, Inc. He had been employed previously as an officer of Rosen Metals, Inc., a corporation in which he was a shareholder and principal. During calendar years 1981 and 1982, he received gross income from his employment of $30,000.00 each year.

As of March, 1985, Debtor was sixty-nine years old. At that time, his net monthly family income consisted of the following:

| | |
|---|---|
| Debtor's Social Security | $966.00 |
| Debtor's wife's Social Security | 456.00 |
| Wages from Phoenix Metal Technology | 456.00 |

Debtor's employment with Phoenix Metal Technology was to terminate effective April 1, 1985.

Debtor calculated his and his wife's necessary monthly living expenses as of March, 1985, as follows:

| | |
|---|---|
| Rent | $580.00 |
| Utilities: | |
| Electricity and heat | 30.00 |
| Phone | 50.00 |
| Food | 300.00 |
| Clothing | 100.00 |
| Newspapers, periodicals and books | 20.00 |
| Medical and drug expense | 250.00 |
| Automobile insurance | 31.50 |
| Medical insurance | 88.00 |
| Transportation | 100.00 |
| Recreation | 50.00 |
| Miscellaneous household expense | 50.00 |
| Total | $1,649.50 |

The parties made no stipulation as to Debtor's and his wife's living expenses as of the date of filing of his Petition. The Court assumes that the level of Debtor's household expenditures did not change between then and March, 1985.

Debtor is presently in poor physical health; he suffers from a cardiac condition involving an inoperable aneurysm and from arthritis. He is unable to physically exert himself and can engage in only minimal activity. He expects to incur increasingly high medical bills for treatment of his chronic conditions.

After the termination of Debtor's employment with Phoenix Metals, his and his wife's social security payments will be insufficient to meet their necessary monthly living expenses. The shortfall will amount to approximately $227.50 per month. Debtor expects to begin drawing on his Keogh plan to meet his family living expenses in the near future.

Under standard actuarial principles, Debtor's life expectancy in February, 1984, was 13.6 years. At that time, Debtor's wife's life expectancy was 14.38 years.

## DISCUSSION

On his Schedule B-4, Debtor elected the Minnesota state exemptions and claimed the full balance in his Keogh Plan as exempt under MINN.STAT. § 550.37, subd. 24. That statute provides an exemption for

> ... The debtor's right to receive a payment ... under a stock bonus, pension, profit sharing, annuity, or similar plan or contract on account of illness, disability, death, age, length of service, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor.

The Trustee in this Chapter 7 case has objected to this claim of exemption, on the ground that the full balance in the account is not necessary for the present support of Debtor and his spouse, as required under the statute. The Trustee makes several alternative arguments. First, he argues that the Court is bound to consider Debtor's income status as of the date of filing of his Petition, which is the effective date for determination of Debtor's rights to claim exemptions. The Trustee maintains that Debtor's Keogh Plan was in no way reasonably necessary for the support of Debtor and his wife inasmuch as Debtor then had a gross income of approximately $30,000.00 per year. In the alternative, the Trustee argues that Debtor will not require the full balance in his Keogh account to

meet his and his wife's necessary living expenses for the remainder of their lives, even if Debtor's intervening drop in income and his prospective loss of all employment income are considered. The result of this argument would be the sustaining of the objection as to some portion of the Keogh account. As a final alternative, the Trustee argues that Debtor's actual life expectancy is probably less than his standard actuarial life expectancy due to his poor health. He maintains that a shorter withdrawal period should be used for a hypothetical amortization of the account and, therefore, some portion of it would again be non-exempt.

The Judges of this Court have examined the exemptibility of various forms of retirement accounts and retirement benefits in several opinions. Because the language of the Minnesota state exemption statute and the corresponding provision of 11 U.S.C. § 522(d) are virtually identical, this Court should construe both statutes consistently to achieve uniform application. *In Re Bari*, 43 B.R. 253, 255 (Bankr.D.Minn. 1984). In *Bari*, Judge Margaret A. Mahoney adopted the standard set forth in *In Re Taff* for determination of the extent to which a debtor's pension rights are "reasonably necessary for the support of the debtor and any dependent of the debtor". *In Re Taff* was one of the earlier reported decisions under 11 U.S.C. § 522(d)(10)(E). Under its rationale, a Court reviewing a debtor's claim of exemption in an entitlement to retirement benefits must consider the debtor's other income and exempt property; "the appropriate amount to be set aside for the debtor ought to be sufficient to sustain basic needs, not related to his former status in society or the lifestyle to which he is accustomed but taking into account the special needs that a retired and elderly debtor may claim". *In Re Taff*, 10 B.R. 101, 107 (Bankr.D.Conn.1981). Other Judges of this Court have noted that the debtor's age, present employment, future employment prospects, and general health

must be considered in this determination. *In Re Werner*, 31 B.R. 418 (Bankr.D.Minn. 1983). One major consideration in cases involving older debtors is the debtor's anticipated future ability to generate income sufficient to refund a pension account for future retirement use, after a hypothetical turnover to the trustee. *In Re Miller*, 33 B.R. 549 (Bankr.D.Minn.1983).

In the case at bar, a general consideration of the Trustee's objection requires a review of Debtor's schedule of necessary living expenses. While several of the line entries are perhaps somewhat high for an elderly couple, Debtor's budget does not contain any categories of expenses which are objectionable as categories. None of the expenses seem grossly out of line for an elderly couple who are not homeowners and who have substantial medical problems. The Trustee has not questioned any specific entry in Debtor's budget and further inquiry is not warranted. *Cf., In Re Bari*, at 256; *In Re Sederstrom*, 52 B.R. 448, 451–52 (Bankr.D.Minn.1985.)

The Trustee's first specific objection goes to the technical question of which of Debtor's several successive financial conditions are to be considered. Debtor was employed and had substantial income as of the date of filing of his Petition. It is true as a general proposition that the Court must consider the Debtor's financial condition and the estate's value as of the date of filing when it determines exemption and turnover disputes; in most cases post-petition changes are irrelevant. However, it is clear that, in a dispute over the exemption of pension rights involving an elderly debtor, the Court must consider the debtor's *future* needs for support. *In Re Werner* at 421–22. Thus, even though Debtor had substantial income as of date of filing, intervening events have demonstrated his and his wife's stark dependency on his Keogh account.* With the recent termi-

___

* The Court is mindful of the risk that a debtor's protestations of post-retirement poverty may become a self-fulfilling prophecy. The risk may be even more substantial in the case of a family- owned business such as the one involved here. However, there is substantial evidence establishing Debtor's and his wife's dependence on his Keogh account, and no proof of any duplicity

nation of Debtor's employment with Phoenix Metal Technology his and his wife's social security is their sole present source of support. It is insufficient to meet their present living expenses. As Debtor's medical expenses increase, the shortfall in his family income will increase proportionately. Without outside employment Debtor will lack all ability to re-fund his Keogh plan to meet future needs, were the Court to require a turnover to the Trustee. Therefore, the Trustee's first objection, premised as it is exclusively upon Debtor's employment status and income as of date of filing, must be overruled. ·

The Trustee's second objection was broadly stated as an expression of doubt that Debtor and his wife would require the full amount of his Keogh Plan to meet their needs over the remainder of their lifetimes. The Trustee elicited no testimony and introduced no evidence to refute the evidence already of record on this issue. Given Debtor's and his wife's needs and the amount of the Keogh account balance, it cannot be said on the record before the Court that Debtors will not require the full balance to meet future needs. *See, e.g., In Re Donaghy,* 11 B.R. 677 (Bankr.S.D.N.Y. 1981) (overruling trustee's objection to debtor's claim of exemption in lump-sum distribution from private pension plan of approximately $21,000.00, where debtors were, respectively, 62 and 64 years of age, debtor husband suffered from emphysema and was recipient of social security disability, and debtor wife was cancer victim who anticipated large post-petition medical expenses). The Court must therefore overrule the Trustee's second objection.

The Trustee's third objection is no more than a vague speculation that standard actuarial principles should not apply to this case due to Debtor's state of health and, therefore, a life expectancy of something less than 13.6 years should be applied to reach a hypothetical amortization of the Keogh account that would consume the full

on Debtor's part. The Court cannot conclude that Debtor "made himself poor" in response to

balance. This objection completely fails for want of proof, as the Trustee introduced no evidence of any sort to support it.

On the record presented, the Court concludes that the Trustee has failed to discharge his burden under BANKR. R. 4003(c) to prove that Debtor's Keogh account is not and will not be reasonably necessary for the support of Debtor and his wife.

THEREFORE, IT IS HEREBY ORDERED that the Trustee's objection to Debtor's claim of exemption in his Keogh account is overruled.

the Trustee's objection.