**In re Eugene G. SCHLEE, individually and dba Hussman Investment Company, and Terry M. Schlee, Debtors.**

**Bankruptcy No. 4–85–2144.**

United States Bankruptcy Court, D. Minnesota.

March 10, 1986.

William I. Kampf, Kampf, Orey, Landsman & Zerby, St. Paul, Minn., for debtors.

Edward W. Bergquist, Minneapolis, Minn., trustee.

## ORDER

MARGARET A. MAHONEY, Bankruptcy Judge.

The above-entitled matter came on for hearing before me on February 20, 1986, on the objection of the Trustee to certain claimed exemptions of the Debtors. The Trustee objects to exemption of certain annuities and life insurance policies held in Keogh plans which Debtors claim are exempt under M.S.A. § 550.37 subd. 24.

Based upon the evidence adduced at the hearing and introduced by the Debtors by way of their affidavit, and the arguments of counsel, I find that the assets claimed as exempt by the Debtors are exempt.

## FACTS

Eugene G. Schlee filed a Chapter 7 bankruptcy case on October 15, 1985. He claimed, among other things, the following as exempt property:

| Assets | Cash Value | Death Benefit Value | Exemption Authority |
|---|---|---|---|
| Northwestern National Life Insurance Co. Annuity Keogh Plan | $48,040.64 | –0– | M.S.A. § 550.37, Subd. 24 |
| 2 Northwestern National Life Insurance Co. Keogh Plans | $15,000.00 | $45,000.00 | same |
| 1 Phoenix Mutual Keogh Plan | $ 2,000.00 | $44,700.00 | same |

All contributions to the above were made prior to 1983 except payment of ongoing life insurance premiums. Premiums must be paid each year to keep the policies in effect. Most of the contributions were made during the 1960's and middle 1970's. There is no dispute between the parties that all of the plans are valid tax exempt Keogh plans as defined in 26 U.S.C. § 401 *et seq.* (or were valid when contributions were made under pre 1974 Employees' Retirement Income Security Act law). The plan contributions were based upon Schlee's earnings as a self employed individual.

The monies and insurance policies in the plans could be withdrawn now if a substantial tax penalty was paid. 26 U.S.C. § 402.

Schlee is a real estate developer whose bankruptcy was caused at least in part by his inability to market his real estate holdings.

He is presently self employed and attempting "to establish himself" as a real estate agent and property manager. He has a real estate broker's license. Schlee is 56 years of age. He has been in real estate development for 30 years. He states that he has no other job skills.

Schlee is married. His wife is unemployed. She worked in his business in the past but has no practical job skills. Schlee and his wife have a 13 year old son. Their son is asthmatic and has "substantial" medical expenses. Schlee anticipates that his son will go to college. Schlee has adopted his wife's 23 year old daughter and presently aids in her support.

Mr. Schlee has a degenerative back condition, high blood pressure and a history of heart fibrillation. None of these conditions seriously disable him at present. Mr. Schlee had cataracts. He has had lens implants in both eyes.

Schlee presently earns $600–$700 per month in income from managing Schlee Builders for the Chapter 7 trustee. These fees will end soon. Schlee earns $1000 per month from his partnership interests. There was no evidence that these monies would cease. Apparently Schlee is generating no income as of yet as a real estate agent nor was there any income projection made.

Schlee has listed his home for sale. He expects to net approximately $30,000 upon its sale.

Schlee listed present monthly living expenses of:

| | |
|---|---|
| Home Mortgage Payment | $2,400.00 |
| Utilities | 300.00 |
| Food, household costs & maintenance | 800.00 |
| Child expenses including school costs | 100.00 |
| Clothing, laundry and cleaning | 250.00 |
| Auto Insurance | 75.00 |
| Health Insurance | 118.00 |
| Life Insurance | 370.00 |
| Disability Insurance | 100.00 |
| Transportation | 250.00 |
| Auto Lease | 340.00 |
| College Fund | 100.00 |
| Doctors, dentists, pharmacy | 150.00 |
| TOTAL | $6,013.00 |

He listed present expenses for an office he maintains for his real estate work as follows:

| | |
|---|---|
| Sales Promotion | $400.00 |
| Rent | 412.00 |
| Phones | 230.00 |
| MLS | 100.00 |
| Dues and fees | 50.00 |
| Advertising | 250.00 |
| Insurance | 30.00 |
| Postage and supplies | 50.00 |
| Secretary | 1,500.00 |
| TOTAL | $3,000.00 |

There was no evidence offered as to what Social Security benefits Mr. Schlee will receive at age 65. There was no evidence of what the monthly payments from the Keogh plans would be at Schlee's retirement. There was no evidence offered as to what Schlee's expenses would be at retirement.

### MEMORANDUM

■ There are three main issues raised in this case as to Schlee's claimed exemption of his Keogh plan assets under M.S.A. § 550.37 subd. 24.[1]

1. M.S.A. § 550.37 states:
   "Subdivision 1. The property mentioned in this section is not liable to attachment, garnishment, or sale on any final process issued from any court.
   
   \*　\*　\*　\*　\*　\*
   
   Subd. 24. EMPLOYEE BENEFITS. The debtor's right to receive present or future payments, or payments received by the debtor,

1) Are Keogh plans included in the assets exemptible under M.S.A. § 550.37 subd. 24?

2) Under M.S.A. § 550.37, subd. 24, are future needs of a debtor to be considered or are present needs the only criteria?

3) If the Keogh plan assets are exemptible, are any or all of the funds "reasonably necessary for the support of the debtor and any dependent of the debtor"?

### I.

The trustee argues that Keogh plans are not exempt under M.S.A. § 550.37 since they are not specifically mentioned in the statute. The Debtor argues that the intent of the statute is to cover all pensions plans including Keoghs and the statute's broad language evidences that intent.

M.S.A. § 550.37 subd. 24, until its change to its present form effective July 1, 1985, stated that the right to a payment under "a stock bonus, pension, profit sharing, annuity, or similar plan" was exempt. In 1985, the language specifically including individual retirement accounts (IRAs) and simplified employee pensions (SEPs) was added and the language exempting rights to "present or future" payments was added.

The purpose of the exemptions provided by state statutes is to protect debtors and their families from destitution. Exemption laws intend to leave debtors with enough assets to be able to provide for their basic needs. *Poznanovic v. Maki*, 209 Minn. 379, 296 N.W. 415 (1941). An employee benefits exemption therefore is logically to provide reasonable basic support to a Debtor at retirement.

I am bound to apply Minnesota case law in interpreting its statutes if there is any.

under a stock bonus, pension, profit sharing, annuity, individual retirement account, individual retirement annuity, simplified employee pension, or similar plan or contract on account of illness, disability, death, age, or length of service, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor." (West Supp. 1986)

*Wallace T. Bruce, Inc. v. Najarian,* 249 Minn. 99, 81 N.W.2d 282 (1957). When there is no applicable case law, I am able to adopt my own construction of the statute. *In re Michealson,* 113 F.Supp. 929 (D.Minn. 1953) *aff'd* 209 F.2d 625 (8th Cir.1954).

M.S.A. § 550.37 subd. 24 was added to the exemption statute in 1980 and the language then paralleled almost exactly that of the federal exemption in 11 U.S.C. § 522(d)(10)(E).[2] The language added to the statute in 1985 either expanded the statute's coverage or clarified the breadth of its coverage. Since there are no Minnesota cases which determine exactly what the 1980 statute covered, it is not clear on its face why the amendment was needed and what the Minnesota legislature intended to accomplish with the new language. In any event it seems clear that the new subdivision 24 is meant to include virtually all tax exempt employee benefit plans. It is clear that plans for individuals who are not yet of retirement age are included ("future payments") as well as plans presently paying benefits.

Keoghs are not specifically listed in M.S.A. § 550.37's "laundry list" of covered pension plans. Keogh plans are pension plans for self employed individuals. If properly established, plan contributions are tax deductible and income tax on the pension plan assets is deferred until the assets are withdrawn. Funds can be withdrawn without penalty when the participant reaches age 59½, dies or is disabled. If withdrawn before the earliest of the above events occurs, there is a 10% tax penalty paid.

There was no evidence offered that the plans Schlee wants to exempt are not proper, tax-qualified Keogh plans. The burden of establishing that the plans are not tax exempt Keogh plans is that of the objector—in this case the trustee. Bankruptcy Rule 4003(c). There is one federal and one Minnesota bankruptcy case which discuss the exemption of tax exempt Keogh plans under the federal exemption statute. *Clark v. O'Neill (In re Clark),* 711 F.2d 21 (3rd Cir.1983); *In re Montavon,* 52 B.R. 99 (Bktcy.Minn.1985).[3] The *Clark* case held that a debtor's Keogh plan assets were not exempt because the debtor was 43 years old and the Keogh plan was not providing present payments to the debtor. However, the case indicated that if the Keogh plan were providing present payments it would be exemptible.

> "The exemption of present Keogh payments, to the extent they are necessary for the support of the debtor, is consistent with this goal." at 711 F.2d 23.

The *Montavon* case stated:

> "Were this issue pivotal, the Court would be inclined to hold that a balance in a Keogh plan or IRA is an exemptible asset within the ambit of § 522(d)(10)(E) at least where the debtor's right to payment has already matured by attainment of the statutory retirement age." At p. 102.

Therefore under federal law it appears likely that Keogh plans are considered exempt assets.

Keogh plans are similar to the listed pension plans in M.S.A. § 550.37 subd. 24. They all must meet very similar criteria to be tax exempt. I see no reason the federal exemption statute or the present or past Minnesota statute would exclude Keogh plans. All of the plans provide retirement income and are established under the Internal Revenue Code restrictions on contributions, vesting, and distribution.

---

2. "(d) The following property may be exempted under subsection (b)(1) of this section:
\*    \*    \*    \*    \*    \*
(10) The debtor's right to receive—
\*    \*    \*    \*    \*    \*
(E) a payment under a stock bonus, pension, profit sharing, annuity, or similar plan or contract on account of illness, disability, death, age, or length of service, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor ..."

3. The Minnesota case of *In re Rosen,* 52 B.R. 96 (Bktcy.Minn.1985) assumed without deciding the issue that a Keogh plan was exempt under M.S.A. § 550.37 subd. 24 under the language of the statute in effect prior to July 1, 1985.

Since Keogh funds are so similar in intent and content to corporate pension plans, IRAs, and SEPs, I find that M.S.A. § 550.37 subd. 24 covers them. I do not find that the change in the law in 1985 which was effective July 1, 1985 is crucial to my decision. The law prior to July 1, 1985 covered Keogh plans also. The 1985 amendments only further clarified the range of plans a debtor may exempt. It did not enlarge the kinds of plans covered. Even if it did enlarge the coverage of the statute, it only added IRAs and SEPs to the rest of exemptible assets. Keogh plans were covered under the pre July 1, 1985 language. Therefore, the issue of which version of M.S.A. § 550.37 subd. 24 debtor is entitled to use is not important.

## II.

■ The second issue raised by the trustee is whether the present and/or future needs of the debtor should be considered in determining whether pension funds are exempt under M.S.A. § 550.37 subdivision 24.

This issue has been considered in Minnesota bankruptcy cases and the cases have held that present *and* future needs of a debtor are to be considered. *In re Miller*, 33 B.R. 549 (Bktcy.Minn.1983) (pension plan); *In re Bari*, 43 B.R. 253 (Bktcy.Minn. 1984) (disability plan); *In re Sederstrom*, 52 B.R. 448 (Bktcy. Minn.1985) (annuity contracts).

The change in M.S.A. § 550.37 subd. 24 in 1985 clearly established as I see it that the Minnesota statute is to include plan assets which are not yet in pay status also. The statute now reads:

"Subd. 24. EMPLOYEE BENEFITS. The debtor's right to receive *present or future payments*, or payments received by the debtor, under a stock bonus, pension, profit sharing, annuity, individual retirement account, individual retirement annuity, simplified employee pension, or similar plan or contract on account of illness, disability, death, age, or length of service, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor." (West Supp.1986) (Emphasis added.)

Since present and future pension benefits are included within the ambit of the statute, I think it is obvious that the Court is to consider present and future needs of a debtor in determining the exemptibility of pension funds also.

Here, the debtor is 56. He has a wife and dependent child. He has no present means of funding a new retirement plan. He has health problems. He has a limited income potential. Given these factors, Schlee is unlikely to be able to provide for his future retirement needs if his present pensions are not exempt.

## III.

■ The final issue in this case is whether the pensions, or any part of them, are "reasonably necessary for the support of the debtor and any dependent of the debtor". The trustee as objector must prove that the Keogh funds are not reasonably necessary to Mr. Schlee's support. Bankruptcy Rule 4003(c).

Case law has generally interpreted this phrase under § 550.37 subdivision 24 and 11 U.S.C. § 522(d)(10)(E) in light of the standards set forth in the case of *Warren v. Taff, (In re Taff)*, 10 B.R. 101 (Bktcy. Conn.1981) since the language of both statutes is the same. The *Taff* case requires a Court to review a debtor's other income sources and other exempt property. The Court must consider the debtor's age, present employment, future employment prospects and general health. *In re Werner*, 31 B.R. 418 (Bktcy.Minn.1983). The amount "reasonably necessary" for support of a debtor is an amount "sufficient to sustain basic needs, not related to his former status in society or the lifestyle to which he is accustomed but taking into account the special needs that a retired and elderly debtor may claim." *In re Taff* at p. 107.

In this case, Mr. Schlee is, as stated above, 56 years of age. He has a limited number of years of employment left. His

spouse doesn't work and, if she did, her income would likely be minimal due to her lack of skills. Mr. Schlee must provide basic support needs for his son until he is no longer a "dependent".[4] This will be at least another four to five years. Mr. Schlee has known present income of $1,600–$1,700 per month. This will soon be $1,000 per month. There was no evidence offered of other future income for Mr. Schlee. Mr. Schlee stated he did not know how much monthly income his Keogh plans would generate at retirement. There was no evidence that he would receive Social Security payments at retirement, although I assume he will receive some unknown amount.[5]

The Schlee family's present living expenses are extremely high. They will be drastically reduced when their present homestead is sold. However, even with these reductions, the clothing expenses, transportation and auto lease expenses, college fund and household expenses are high. At most, these expenses should be, if pared to meet basic needs only and not cutting necessary insurance costs, $2,000–$2,500 per month. As to future support needs, no costs were placed into evidence.

Since pension funds are to be exempted only if "reasonably necessary" to a Debtor's support, I am not considering Mr. Schlee's office expenses. I think that inclusion of office expense as reasonably necessary goes far beyond the purpose of Minnesota exemption laws—to prevent destitution. *Poznanovic v. Maki, supra.* The exemption statutes are not to provide money for setting oneself up in business again.

It is the objector's burden in this case to prove that the Keogh funds are not necessary to provide for the present and future basic needs of the Debtor and his family. Debtor's present income of $1,600–$1,700 per month, soon to be $1,000 per month does not provide monies for Mr.

Schlee's family's basic needs even now. This income certainly does not allow Mr. Schlee to amass any retirement funds to provide for future family needs. If Mr. Schlee's age and his inability in his remaining employable years to amass a new retirement fund are taken into account, his Keogh funds, from the evidence adduced at the hearing and the affidavits, appears to be reasonably necessary for the Schlee family support. *In re Miller, supra; In re Rosen, supra; In re Donaghy,* 11 B.R. 677 (Bktcy.S.D.N.Y.1981). The objector must show that the Debtor's basic living needs in the future can be met in some way other than through Mr. Schlee's present pension funds. I do not think this evidence was produced.

THEREFORE, IT IS ORDERED that the pension funds listed as exempt property on Debtor's B–4 Schedule are exempt assets under M.S.A. § 550.37 subdivision 24 and the trustee's objection to the exemption is denied.

---

**4.** The age at which the Schlees' son is no longer a "dependent" need not be decided for purposes of this order.

**5.** Social Security payments are not particularly large in most cases. No evidence was introduced showing this Debtor's potential monthly

benefit. In any event, for purposes of this Order I am assuming receipt of a Social Security benefit of unknown amount. Whatever the amount of the benefit is would not change my decision.