**In re Frederick A. NETZ and Janet L. Netz, Debtors.**

**Bankruptcy No. 3–88–1888.**

United States Bankruptcy Court, D. Minnesota, Third Division.

Oct. 17, 1988.

Mark C. Halverson, Mankato, Minn., Chapter 7 trustee.

Robert Winzenberg, Mankato, Minn., for Chapter 7 trustee.

---

ORDER SUSTAINING TRUSTEE'S OBJECTION TO DEBTORS' CLAIM OF EXEMPTION AND DECLARING STATE STATUTE UNCONSTITUTIONAL

GREGORY F. KISHEL, Bankruptcy Judge.

On September 16, 1988, the Court convened a hearing on the objection of Debtors' Chapter 7 Trustee to their claim of exemption under MINN.STAT. § 550.37 subd. 24, to two annuities of a total value of $10,055.71. The Chapter 7 Trustee and his counsel duly appeared; no appearance was made by or on behalf of Debtors or the State of Minnesota. The Trustee's counsel argued that the Minnesota statute on which Debtors premised their claim of exemption violated MINN. CONST. Art. 1, § 12, that the exemption statute was therefore void and of no effect, and that the value of the annuities was property of Debtors' bankruptcy estate. By a notice entered and mailed on September 16, 1988, the Court certified the constitutional question to the Attorney General of the State of Minnesota pursuant to 28 U.S.C. § 2403(b). The notice authorized intervention by the Attorney General in the pending challenge to the constitutionality of the statute, so long as he filed a petition for intervention no later than October 3, 1988. The Attorney General has not filed a petition for intervention or otherwise appeared in this case. This order is entered accordingly.

Debtors filed a voluntary petition under Chapter 7 of the Bankruptcy Code in this Court on June 13, 1988. Via an amended Schedule B–4 filed on August 10, 1988, Debtors claimed as exempt pursuant to MINN.STAT. § 550.37 subd. 24 their interest in the following private annuities:

| POLICY | VALUE |
| --- | --- |
| Principal Mutual Life Insurance Company # 42259–476443740 | $8,188.43 |
| American Pathway # 7434 | $1,867.28 |

The Trustee timely objected to Debtors' claim of exemption, arguing alternatively that the statute was unconstitutional or that the annuities did not fall within the ambit of protected assets under the statute.[1]

MINN.STAT. § 550.37 sets aside the classes of property enumerated in that section as exempt and "not liable to attachment, garnishment, or sale on any final process, issued from any court." MINN. STAT. § 550.37 subd. 1. Prior to April 12, 1988, MINN.STAT. § 550.37 subd. 24 read as follows:

> **Employee benefits.** The debtor's right to receive present or future payments or payments received by the debtor, under a stock bonus, pension, profit sharing, annuity, individual retirement account, individual retirement annuity, simplified employee pension, or similar plan or contract on account of illness, disability, death, age, or length of service, *to the extent reasonably necessary for the support of the debtor and any dependent of the debtor.*

(emphasis added).

Via 1988 Sess.L., ch. 490, § 4, the Minnesota State Legislature amended the statute to read as follows:

> **Employee benefits.** The debtor's right to receive present or future payments or payments received by the debtor, under a stock bonus, pension, profit sharing, annuity, individual retirement account, individual retirement annuity, simplified employee pension, or similar plan or contract on account of illness, disability, death, age, or length of service.

The amendment was effective on April 12, 1988.

The only change—but the crucial change—which the Legislature made was to remove the prior language which had limited the quantum of property subject to the exemption to that "reasonably necessary" for the support of the debtor or the debtor's dependents. Via judicial construction and application on a case-by-case basis, this

1. The Trustee has elected not to pursue the latter argument, at least pending disposition of *the constitutional challenge to the statute.*

language previously furnished a limitation on the aggregate value of pension benefits or similar assets which a debtor could claim as exempt pursuant to the statute. *See, e.g., In re Schuette,* 58 B.R. 417 (Bankr.D. Minn.1986); *In re Sederstrom,* 52 B.R. 448 (Bankr.D.Minn.1985); *In re Montavon,* 52 B.R. 99 (Bankr.D.Minn.1985); *In re Rosen,* 52 B.R. 96 (Bankr.D.Minn.1985); *In re Bari,* 43 B.R. 253 (Bankr.D.Minn.1984); *In re Miller,* 33 B.R. 549 (Bankr.D.Minn.1983); *In re Werner,* 31 B.R. 418 (Bankr.D.Minn. 1983); *In re Taff,* 10 B.R. 101 (Bankr.D. Conn.1981).[2]

The limitation, however, is no longer there; it is now open to a debtor, in bankruptcy or otherwise, to claim as exempt an unlimited value or amount of money held in the form of any of the accounts or entitlements described in the statute. As it now stands, the statute violates MINN. CONST. Art. 1, § 12, which provides that "[a] reasonable amount of property shall be exempt from seizure or sale for the payment of any debt or liability. The amount of such exemption shall be determined by law." *In re Tveten,* 402 N.W.2d 551 (Minn. 1987) (concluding that exemption statute which does not impose some type of limitation on subject property violates implied constitutional requirement that only "reasonable amount" may be so set aside). Because the statute is unconstitutional, it is ineffective in its entirety as against a trustee in bankruptcy. *In re Hilary,* 76 B.R. 683 (Bankr.D.Minn.1987) (holding family-musical-instrument exemption of MINN. STAT. § 550.37 subd. 2 was unconstitutional under *Tveten* analysis, and concluding that asset in question was not exempt). The nature and effect of the exemption provision are not such as to allow the severance of provisions offensive to the constitutional language; nor is the subject asset of a multifold nature so as to limit the statute's constitutional infirmity to only certain aspects of the property interests within the facial ambit of the statute. *Cf. In re Bailey,* 84 B.R. 608 (Bankr.D.Minn. 1988) (applying *Tveten* analysis, holding that personal-injury-right of-action exemption of MINN.STAT. § 550.37 subd. 22 was unconstitutional to extent that statute failed to place limitation on exemption for special damages, and concluding that only general-damages component of right of action was exempt). Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1. That MINN.STAT. § 550.37 sub. 24, as amended by 1988 Sess.L., ch. 490, § 4, violates MINN. CONST. Art. 1, § 12, is therefore void, and is ineffective to remove the following assets from the bankruptcy estate in this Chapter 7 case:

| POLICY | VALUE |
| --- | --- |
| Principal Mutual Life Insurance Company # 42259–476443740 | $8,188.43 |
| American Pathway # 7434 | $1,867.28 |

2. That the Trustee's objection to Debtors' claim of exemption in the assets described in Term 1 of this Order is therefore sustained in its entirety.

3. That the assets described in Term 1 of this Order are property of Debtors' bankruptcy estate, subject to administration for the benefit of Debtors' creditors.

---

2. *Montavon, Miller, Werner,* and *Taff* all applied the pension-benefits exemption of 11 U.S.C. § 522(d)(10)(E), which has operative language identical to that of the Minnesota statute.