**In re Roderick James McKEAG, Debtor.**

**Bankruptcy No. 6–88–597.**

United States Bankruptcy Court, D. Minnesota.

Aug. 30, 1989.

---

David Nycklemoe, Fergus Falls, Minn., for debtor.

Lowell Bottrell, Fargo, N.D., for trustee.

Merwyn Peterson, Office of Atty. Gen., St. Paul, Minn., for intervenor, State of Minn.

---

*MEMORANDUM ORDER*

NANCY C. DREHER, Bankruptcy Judge.

The above entitled matter came on for hearing on the 11th day of July, 1989, for a determination on the objection by the trustee to the debtor's claim of exemption in his Teacher's Retirement Annuity Fund. Appearances were as follows: Lowell Bottrell for the trustee; Merwyn Peterson for Intervenor, State of Minnesota; and David Nycklemoe for the Debtor. The court has jurisdiction to hear and determine this matter pursuant to 28 U.S.C. §§ 157 and 1334, and Local Rule 103. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B).

## PROCEDURAL BACKGROUND

Debtor is and for the last 21 years has been employed by the State of Minnesota, Fergus Falls Community College. As an employee of the College, he is required to be a member of the Teachers Retirement Association ("TRA"). *See* Minn.Stat. § 354.41, Subd. 2 (1988). Pursuant to the statute, as a member of TRA, four and one-half percent[1] of his salary is deducted from his check by his employer and sent to the TRA fund. *Id.* § 354.42, subd. 2. In addition, because the debtor is a college professor, five percent of the amount of his salary which is over six thousand dollars and under fifteen thousand dollars per year is also required to be deposited into the TRA fund. *Id.*, § 136.81, subd. 1. For the debtor and most college teachers, this amounts to five percent of nine thousand dollars per year or $450.00 per year.

On December 18, 1988, the date of the filing of debtor's petition, debtor had approximately $21,000.00 in the two TRA accounts. The debtor claimed these amounts as exempt under Minn.Stat. § 354.10, subd. 1[2] which provides:

---

1. Certain members of TRA are allowed and/or mandated to contribute up to eight and one-half percent of their salary to the Fund. Debtor is not one of the class of teachers in this category. The pool of teachers allowed to shelter this percentage of income in the fund is decreasing because of changes made in the statutes governing the Fund.

2. Debtor also made claim to exemption under Minn.Stat. § 354A.11. That statute only applies to teachers who belong to teachers retirement associations in cities of the first class. It has no application to this claim to exemption. Minn. Stat. § 550.40 was also referenced; it appears to be the predecessor of Minn.Stat. § 354A.11.

*Exemption; exceptions.* The right of a teacher to take advantage of the benefits provided by this chapter, is a personal right only and shall not be assignable. All money to the credit of a teacher's account in the fund or any money payable to the teacher from the fund shall belong to the state of Minnesota until actually paid to the teacher or a beneficiary pursuant to the provisions of this chapter. Any power of attorney, assignment or attempted assignment of a teacher's interest in the fund, or of the beneficiary's interest therein, by a teacher or a beneficiary, shall be null and void *and the same shall be exempt from taxation under chapter 291 and from garnishment or levy under attachment or execution, except as provided in subdivision 2 of section 518.58, 518.581 or 518.611.*[3]

*Id.* (emphasis added). A corresponding provision exempting the portions of his contributions that had been made under Minn. Stat. § 136.81 is found in Minn.Stat. § 136.84.

The trustee has objected to the claim to exemption of the debtor's TRA account funds. He asserts that the statute pursuant to which the debtor has claimed his exemption is unconstitutional in that the exemption is not limited to a "reasonable amount of property" as that term is used in article 1, section 12 of the Minnesota Constitution, and/or amounts to constitutionally impermissible special legislation in contravention of article 12, section 1 of the Minnesota Constitution.

**3.** The exceptions which are referenced cover child support and similar family obligations. They have no application here.

**4.** This state exemption provision is not preempted by ERISA. 29 U.S.C. § 1001, *et seq.; Mackey v. Lanier Collections Agency & Service, Inc.,* 486 U.S. 825, 108 S.Ct. 2182, 100 L.Ed.2d 836 (1988). *Mackey* construed the scope and effect of ERISA's preemption provisions, ERISA § 514(a), as codified at 29 U.S.C. § 1144(a) (West 1985) which provides, in pertinent part:

Except as provided in subsection (b) of this section, the provisions of this subchapter [ERISA Title I] and subchapter III of this Chapter [ERISA title IV] shall supersede any and all State laws insofar as they may now or

The State of Minnesota, in response, asserts that:

1) the constitutional challenge to Minn. Stat. § 354.10 is moot because the debtor can claim the exemption under Minn.Stat. § 550.37, Subdivision 24, as recently amended,

2) Minn.Stat. § 354.10 exempts only a reasonable amount of property and therefore it is not unconstitutional under Minn. Const. art. 1, § 12, and

3) Minn.Stat. § 354.10 is not special legislation prohibited by Minn. Const. art. 12, § 1.

The debtor appears to assert only the second and third arguments advanced by the State.[4]

## DISCUSSION

Debtor makes no claim that the property in his TRA account is not property of the estate pursuant to 11 U.S.C. § 541(c)(2). That issue was put to rest in the case of *Humphrey v. Buckley, (In re Swanson),* 873 F.2d 1121 (8th Cir.1989). The TRA account is property of the debtor's estate. Only if valid exemption provisions allow the fund to be exempted from the estate will the account be protected from creditors.

█ It is the position of the State of Minnesota that I can avoid reaching the issue of the constitutionality of Minn.Stat. § 354.10 because, under recently amended Minn.Stat. § 550.37, subd. 24, debtor would be entitled to a $30,000.00 exemption for benefits of this type and that is all he is claiming. Since it is appropriate to avoid

hereafter relate to any employee benefit plan described in section 1003(a) of this title and not exempt under section 1003(b) of this title. 29 U.S.C. § 1144(a). The plan involved in this case is not an ERISA plan described in § 1003(a); rather, it is a governmental plan, specifically exempted under § 1003(b). *See Feinstein v. Lewis,* 477 F.Supp. 1256, 1266 (S.D. N.Y.1979), *aff'd* 622 F.2d 573 (2d Cir.1980); *Fleck v. Spannaus,* 449 F.Supp. 644, 654 (D.Minn.1977), *rev'd on other grounds,* 438 U.S. 234, 98 S.Ct. 2716, 57 L.Ed.2d 727 (1978). *But see In re Komet,* 93 B.R. 498, 500 (Bktcy.W.D. Tex.1988) (withdrawn, rehearing granted). Thus, section 514(a) of ERISA does not apply to this plan and preemption is not an issue.

constitutional issues wherever possible, the State asserts that this court should decide to apply the amendment of Minn.Stat. § 550.37, subd. 24 newly enacted on June 1, 1989. The State thus argues that the amendment applies to debtor's case. However, for the reasons set forth below, I conclude that the newly enacted amendment does not apply to the debtor's case.

In 1986, Minn.Stat. § 550.37, subd. 24 exempted the following:

> Subd. 24. Employee Benefits. The debtor's right to receive present or future payments, or payments received by the debtor, under a stock bonus, pension, profit sharing, annuity, individual retirement account, individual retirement annuity, simplified employee pension, or similar plan or contract on account of illness, disability, death, age, or length of service, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor.

*Id.* (emphasis added).[5]

For unexplained reasons, effective April 12, 1988, the Minnesota Legislature amended Minn.Stat. § 550.37, subd. 24, to delete the underlined wording. In *In re Netz*, 91 B.R. 503 (Bktcy.D.Minn.1988), Judge Kishel, following a long line of cases in this district, declared the newly amended statute unconstitutional under Minn. Const. art. 1, § 12 because it failed to place any limitations on the amount of money a debtor could claim as exempt. The precursors of his opinion included *In re Bailey*, 84 B.R. 608 (Bktcy.D.Minn.1988), *In re Hilary*, 76 B.R. 683 (Bktcy.D.Minn.1987) and *In re Tveten*, 402 N.W.2d 551 (Minn.1987).

In 1989, in response to *Netz*, the Minnesota Legislature again amended Minn.Stat. § 550.37, subd. 24, to add a limitation on the amount a debtor can claim as exempt for such things as retirement accounts. The new version of subdivision 24 provides:

> Subd. 24. [EMPLOYEE BENEFITS.] The debtor's right to receive present or future payments, or payments received by the debtor, under a stock bonus, pension, profit sharing, annuity, individual retirement account, individual retirement annuity, simplified employee pension, or similar plan or contract on account of illness, disability, death, age, or length of service:
>
> (1) to the extent the plan or contract is described in section 401(a), 403, 408, or 457 of the Internal Revenue Code of 1986, as amended, or payments under the plan or contract are or will be rolled over as provided in section 402(a)(5), 403(b)(8), or 408(d)(3) of the Internal Revenue Code of 1986, as amended; or
>
> (2) to the extent of the debtor's aggregate interest, under all plans and contracts up to a present value of $30,000 and additional amounts under all the plans and contracts to the extent reasonably necessary for the support of the debtor and any spouse or dependent of the debtor.

**Sec. 2. [EFFECTIVE DATE]**
Section 1 is effective the day following final enactment and applies retroactively to April 12, 1988.

Act of June 1, 1989, ch. 284 H.F. 761, 1989 Minn.Laws 1557. The 1989 amendment thus purports to give new subdivision 24 retroactive effect.

Debtor's petition for relief was filed in the interim period between the amendment of April 12, 1988 and the Legislature's further amendment thereto on June 1, 1989. If the Legislature's attempt at retroactive legislation is enforceable the new amendment would apply.

Absent constitutional barrier, it is permissible for a Legislature to make an act retroactive in effect. *In re Gardner's Trust*, 266 Minn. 127, 123 N.W.2d 69 (1963); *Petersen v. City of Minneapolis*, 285 Minn. 282, 173 N.W.2d 353 (1969). However, no law is presumed retroactive, unless explicitly so intended. Minn.Stat. § 645.21. Here, the Legislature expressed a specific intent for retroactive application. Its attempt to legislate retroactively, however, runs afoul of the supremacy clause of the United

---

5. The underlined language tracks the language found in the federal exemption provisions, 11 U.S.C. § 522(d)(10)(E).

States Constitution (U.S. Const. Art. VI, cl. 2) [6].

Under the Supremacy Clause of the United States Constitution duly enacted laws of Congress are the supreme law of the land; state statutes which conflict with federal statutes are subordinate and unenforceable. *See Bunch v. Cole,* 263 U.S. 250, 44 S.Ct. 101, 68 L.Ed. 290 (1923). Deciding whether a state statute is in conflict with a federal statute is a two step process of first ascertaining the construction of the two statutes and then determining the constitutional question of whether they are in conflict. *Perez v. Campbell,* 402 U.S. 637, 644, 91 S.Ct. 1704, 1708, 29 L.Ed.2d 233 (1971). Here, the two statutes involved are 11 U.S.C. § 522(b)(2)(A) and Minn.Stat. § 550.37, subd. 24.

Under 11 U.S.C. § 522(b)(2)(A), a debtor may elect to use state exemptions rather than those allowed in 11 U.S.C. § 522(d), the federal list of exemptions. Section 522(b)(2)(A), however, specifically provides that a debtor, in electing state exemptions, is entitled to exempt only "property that is exempt under ... State or local law *that is applicable on the date of the filing of the petition* at the place in which the debtor's domicile has been located for the 180 days immediately preceding the date of the filing of the petition...." 11 U.S.C. § 522(b)(2)(A) (emphasis added). This section has been uniformly construed to mean that a debtor may *not* take advantage of changes in a state exemption law which become effective after the date the petition for relief is filed. *See e.g., Watson v. Kincaid (In re Kincaid),* 96 B.R. 1014, 1019–21 (9th Cir. BAP 1989); *In re Fill,* 84 B.R. 332, 336–37 (Bkrtcy.S.D.N.Y.1988); *Walker v. Atkinson Co. of California (In*

*re Sanders),* 89 B.R. 266, 272 (Bktcy.S.D. Ga.1988); *In re Sivley,* 14 B.R. 905, 909–11 (Bktcy.E.D.Tenn.1981). *See also F & M Marquette Nat'l Bank v. Richards (In re Richards),* 43 B.R. 554, 561 (Bkrtcy.D. Minn.1984), *rev'd on other grounds,* 780 F.2d 24 (8th Cir.1985) ("[a] debtor is not allowed to better his position regarding exemptions during the pendency of the case due to post-petition changes in applicable exemption laws.") The debtor may, as the Code makes clear, take advantage only of the exemption *"applicable on the date the petition is filed."* [7] 11 U.S.C. § 522(b)(2)(A).

Minn.Stat. § 550.37, subd. 24, in its attempt to retroactively legislate, however, provides the contrary. It purports to give the debtor, who filed in the gap period between April 12, 1988 and June 1, 1989, the advantage of a statutory amendment enacted after the date of filing the petition.

Having reviewed the two applicable statutes, I turn to the second phase of analysis, that is, whether these two statutes are constitutionally in conflict. A state statute is in conflict with a federal statute if "the challenged statute 'stands as an obstacle to the accomplishment and execution of the full purpose and objectives of Congress.'" *Perez v. Campbell,* 402 U.S. at 649, 91 S.Ct. at 1711 (quoting *Hines v. Davidowitz,* 312 U.S. 52, 67, 61 S.Ct. 399, 404, 85 L.Ed. 581 (1941). *See also Nash v. Florida Industrial Comm'n,* 389 U.S. 235, 240, 88 S.Ct. 362, 366, 19 L.Ed.2d 438 (1967); *Florida Lime & Avocado Growers, Inc. v. Paul,* 373 U.S. 132, 141, 83 S.Ct. 1210, 1217, 10 L.Ed.2d 248 (1963); *Cardiff Acquisitions, Inc. v. Hatch,* 597 F.Supp. 1493, 1498 (D.Minn.), *aff'd in part and rev'd in*

6. Having decided that the statute is unenforceable on supremacy grounds, I need not and do not address the question of whether the statute also would fail on due process grounds.

7. The issue is to be distinguished from that which arises where the Legislature amends the exemption statute after a secured or unsecured creditor's rights have attached, but before the bankruptcy petition has been filed. Numerous cases in this district and elsewhere address the question of whether the application of subsequent amendments to the exemption provisions

infringes on the contract clause of the United States Constitution or denies due process of law. *See, e.g., In re Starns,* 52 B.R. 405 (S.D.Tex. 1985); *In re Johnson,* 69 B.R. 988 (Bktcy.D. Minn.1987); *In re Sticha,* 60 B.R. 717 (Bkrtcy.D. Minn.1986); *In re Schuette,* 58 B.R. 417 (Bktcy. D.Minn.1986). Nor do I have before me the issue of which date is to be used where the debtor's case is converted from one Chapter to another. *See In re Lindberg,* 735 F.2d 1087 (8th Cir.) *cert. denied,* 469 U.S. 1073, 105 S.Ct. 566, 83 L.Ed.2d 507 (1984).

*part,* 751 F.2d 906 (8th Cir.1984). If the statute frustrates or interferes with the full effectiveness of federal law, it is preempted and unenforceable. *Perez v. Campbell,* 402 U.S. at 652–55, 91 S.Ct. at 1712–13. A constitutionally impermissible conflict may be found if the two statutes differ such that compliance with both is impossible. *Cardiff Acquisitions,* 597 F.Supp. at 1498.

Using these tests, I conclude that the retroactive provision of Minn.Stat. § 550.37, subd. 24, *is* in conflict with 11 U.S.C. § 522(b)(2)(A). The Bankruptcy Code statutorily segregates pre and post-petition bankruptcy assets. The filing of a bankruptcy petition creates an estate *at the time of the filing* which is comprised of all the debtor's legal and equitable interests in property at the time and, to a limited degree spelled out in the Code, to certain interests acquired after the filing. 11 U.S.C. § 541. As of that date, the trustee in the case obtains certain avoidance powers (11 U.S.C. §§ 544, 545), preference and fraudulent transfer time tables are established (11 U.S.C. §§ 547, 548), and postpetition transfers are restricted (11 U.S.C. § 549). As of that date, with some limited exceptions, the rights and remedies of the creditors of the debtor are set, with neither group generally having the right to improve its position. It is the date of the filing which sets in stone the legal relations between the debtor and his creditors. One of those basic rights is, of course, the right to exempt certain designated assets from the bankruptcy estate and preserve them for administration outside the estate and devoid of the claims of creditors. If with each subsequent change in a state's legislative scheme of exemption the parties' rights could be altered, the administration of a bankruptcy case would be chaotic and the administration of estates unduly disrupted. The retroactive application of Minn.Stat. § 550.37, subdivision 24 frustrates this bright line cutoff date and thus frustrates the goals and full effectiveness of the Bankruptcy Code. It is, therefore, unenforceable under the supremacy clause of the United States Constitution because it is in conflict with a federal law which has superior status.

■ Thus, the debtor cannot take advantage of the Minn.Stat. § 550.37, subd. 24, as newly enacted on June 1, 1989, because the Legislature's attempt at retroactive legislation is unenforceable. The question remains, however, as to what state statute was "applicable on the date of filing of the petition" on December 18, 1988. Was the effect of *Netz* to eradicate, at least intermittently, any right to claim an exemption for retirement benefits and the like, thus leaving a void during this interim period? Or, did *Netz* merely eradicate the amendment passed by the legislature as of April 12, 1988, thus leaving in place the earlier version of Minn.Stat. § 550.37, Subd. 24? The answer to that question was recently addressed by the Minnesota Court of Appeals.

In *Westinghouse Credit Corp. v. J. Reiter Sales, Inc.,* 443 N.W.2d 837 (Minn.Ct. App.1989), the Minnesota Court of Appeals held that benefits in an unfunded and unqualified compensation plan established for the judgment debtor by his employer were not exempt from execution under Minn. Stat. § 550.37, subdivision 24 for two reasons; *first* because the benefits were not the type of benefit the Legislature meant to include in subdivision 24, and, *second,* even if they were, the benefits were not reasonably necessary to the judgment debtor's support. Relying on *Bongard v. Bongard,* 342 N.W.2d 156, 159 (Minn.Ct.App. 1983), the court assumed that the April 12, 1988 amendment to subdivision 24, subsequently declared unconstitutional in *Netz,* had no effect on and left intact the pre-April 12, 1988 version thereof. *Bongard* dealt with Minnesota's attachment statute, which prior to 1981, contained a limitation requiring proof of intent to delay or defraud creditors by secreting property before an attachment could issue. In 1981, the Legislature "drastically overhauled" the attachment statute, allowing attachment upon a mere showing that there had been a secreting of assets, without the necessary intent. In *Bongard* the court concluded that the amendment which was

declared unconstitutional had no effect and left the statute as it was before the amendment. 342 N.W.2d at 159. *Bongard* cited a number of earlier Minnesota cases to the same effect. *See, e.g., State v. One Oldsmobile Two-door Sedan,* 227 Minn. 280, 288, 35 N.W.2d 525, 530 (1948) ("An unconstitutional statute, being void and inoperative, cannot repeal or in any way affect an existing one"); *State v. Luscher,* 157 Minn. 192, 195 N.W. 914 (1923), (dentist licensing law amended unconstitutionally, but prior statute remained effective).

Application of the rule, announced in *Westinghouse, Bongard* and other cases in Minnesota and elsewhere, that an amendment to a statute which is unconstitutional does not impact on the original version of the statute is dependent on a finding that the valid and invalid parts of the statute are severable and not interdependent. *See* Minn.Stat. § 645.20;[8] 16 Am.Jur.2d *Constitutional Law* § 263 (1979). That is, in order to reach such a conclusion a court must find that the original statute and the amendment are sufficiently distinct so as to be severable. In *Westinghouse,* the Minnesota Court of Appeals, while not specifically addressing the issue, seems to have assumed that the pre-April 12, 1988 version of Minn.Stat. § 550.37, subd. 24 and the amendment of that date were segregable. Its decision is reflective of the public policy expressed in Minn.Stat. § 645.20. The severability of a state statute is a state, not a federal question; accordingly, if state interpretation exists, it is to be followed. *Dorchy v. State of Kansas,* 264 U.S. 286, 290-91, 44 S.Ct. 323, 325, 68 L.Ed. 686 (1924). Moreover, in deciding whether portions of a statute are segregable, I must look to legislative intent. The Legislature's prompt response to *Netz,* in the form of the June 1, 1989 amendment, demonstrates that the Legislature surely intended to preserve the· constitutionality of the earlier exemption statute should the amendment be found unconstitutional.

Accordingly, the applicable exemption provision in the debtor's case is not the newly enacted June 1, 1989 version of Minn.Stat. § 550.37, subdivision 24, but rather the statute as it existed prior to the April 12, 1988 amendment. As the State properly now urges, if the debtor proceeds under old Minn.Stat. § 550.37, subdivision 24, I need to conduct an evidentiary hearing to determine whether the debtor's TRA funds are "reasonably necessary for the support of the ·debtor and any dependent of the debtor."

The problem, however, is that the debtor did not initially choose to proceed under Minn.Stat. § 550.37, subdivision 24; rather, he claimed the proceeds exempt under Minn.Stat. § 354.10 which exempts these funds in their entirety. However, the trustee has now mounted a substantial constitutional challenge to Minn.Stat. § 354.10, leaving the court unsure of which statute debtor wishes to pursue. In the one case, debtor faces the possibility that he may not be able to establish, under prevailing precedents, that he meets the "reasonably necessary" test. *See, e.g., In re Smith,* 68 B.R. 581 (Bktcy.D.Minn.1986); *In re Schlee,* 60 B.R. 524 (Bktcy.D.Minn.1986); *In re Schuette,* 58 B.R. 417 (Bktcy.D.Minn.1986); *In re Montavon,* 52 B.R. 99 (Bktcy.D.Minn. 1985). In the other case, he faces a constitutional challenge which the trustee has vigorously argued. I am unsure which statute the debtor would rather use or whether he seeks to use both alternatively. And, I am mindful that I should not address any constitutional issue if it can be avoided.

ACCORDINGLY, IT IS HEREBY ORDERED that:

---

8. **645.20. Construction of severable provisions**

Unless there is a provision in the law that the provisions shall not be severable, the provisions of all laws shall be severable. If any provisions of a law is found to be unconstitutional and void, the remaining provisions of the law shall remain valid, unless the court finds the valid provisions of the law are so essentially and inseparably connected with, and so dependent upon, the void provisions that the court cannot presume the legislature would have enacted the remaining valid provisions without the void one; or unless the court finds the remaining valid provisions, standing alone, are incomplete and are incapable of being executed in·accordance with the legislative intent.

1. I reserve ruling on the constitutionality of Minn.Stat. § 354.10.

2. Debtor shall have 10 days in which to amend his Schedules, if desired, to specify Minn.Stat. § 550.37, subd. 24 (1986) as the sole or an alternative exemption provision he chooses to use or to indicate in writing that he chooses to make no such amendment.

3. Should debtor choose to proceed under Minn.Stat. § 550.37, subd. 24, singly or alternatively, the parties shall obtain a mutually convenient date for an evidentiary hearing.

4. If debtor elects to proceed, singly or alternatively, under Minn.Stat. § 354.10, depending on the resolution of the evidentiary hearing on Minn.Stat. § 550.37, subd. 24, I may address the constitutionality issue and will do so on the briefs and arguments as submitted.